Trustees of Zion Methodist Church, Appellees, v. A. L. Smith et al., Oscar Y. Smith and Gladys M. Smith, as Administrator of Estate of L. W. Smith, Deceased, Appellants.

Term No. 48M6.

234

Opinion filed September 24, 1948. Released for publication October 28, 1948.

LYNNDON M. HANCOCK, of Harrisburg, for appellants; DALE A. LETTS, of Harrisburg, of counsel.

CHAS. DURFEE, of Golconda, for appellees.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an appeal from a decree providing for foreclosure of an instrument found by the circuit court of Pope county to be an equitable mortgage. The essential facts are undisputed and may be summarized as follows:

On July 31, 1907, L. W. Smith and Louisa, his wife, executed and delivered to Orange Jackson a note for $500 due twelve months after date thereof, secured by mortgage in due form upon the E½ NE¼ of Sec. 21, Twp. 11 S. of R. 5 E in Pope county. The mortgage was recorded August 7, 1907. A copy thereof was attached to the complaint in this cause and designated Exhibit A.

On January 22, 1916, said note and mortgage were assigned to the Trustees of Zion Methodist Church, appellees herein. Thereafter interest was regularly paid, but nothing was ever filed for record to provide for the renewal or extension of the mortgage referred to as Exhibit A.

On July 31, 1941, exactly 34 years after the date of the original note, the makers gave in redemption of it a new instrument in the form of a chattel mortgage note, made out directly to the Trustees of Zion Methodist Church. In this instrument, where the words "chattel mortgage" occurred, the word "chattel" was crossed out and the words "real estate" written above the line. Where the words "of even date herewith" occurred the words "of even date" were crossed out and the words "of July 31, 1907" were inserted above the line. A copy of this instrument was attached to the complaint and designated Exhibit "B." Allowing

for the alterations mentioned, the document read substantially as follows:

" $500.00 July 31st, 1941

Twelve months after date for value received, we, promise to pay to the order of the Trustees of Zion Methodist Church the sum of Five Hundred and no/100 Dollars, with interest thereon at the rate of 7 per cent, per annum, payable annually. This note is secured by a Real Estate Mortgage of July 31, 1907 herewith, on E½ N.E. Sec. Twenty (21) twenty one T. 11 S. R. 5 E containing 80 acres more or less."

It is admitted in the pleadings that the mortgage described as Exhibit A in the complaint is the mortgage referred to in this instrument.

Indorsements on the reverse of Exhibit B show interest paid to July 31, 1943. Shortly prior to this date, both makers had died intestate. Appellees filed this suit for foreclosure, naming as defendants the children of L. W. and Louisa Smith, being their only heirs. Gladys M. Smith as administrator of the estate of L. W. Smith, deceased, was permitted to intervene.

The answer to the complaint admitted the facts alleged therein, but in effect, denied that the instrument could be enforced as an equitable mortgage. The answer also set up as a defense the statute of limitations, sec. 11b, ch. 83, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.270(1)]; and further set forth that O. Y. Smith, one of the defendants, had a claim filed and allowed against the estate, and that there were other allowed claims, including one of the Illinois Public Aid Commission for $1,200, which the plaintiffs admit cannot be paid without resorting to the real estate. All of the essential facts being admitted, no evidence was taken, and the court decided on the pleadings that plaintiffs were entitled to a decree of foreclosure of an equitable mortgage; a decree was entered accordingly. The administrator and the claimant heir appeal.

The doctrine of equitable mortgages is based upon the principle that equity will interpret an agree-

ment according to the intent of the parties as evinced therein, and if not contrary to some positive rule of law or public policy, will give it effect even though it does not meet the technical requirements of the law; hence where an instrument manifests an intent to charge or pledge property as security for a debt, and the property is identified, a lien will be recognized in equity. Pomeroy states the rule thus:

"The form or particular nature of the agreement which shall create a lien is not very material, for equity looks at the final intent and purpose rather than at the form; and if the intent appear to give, or to charge, or to pledge property, real or personal, as security for an obligation, and the property is so described that the principal things intended to be given or charged can be sufficiently identified, the lien follows." 3 Pomeroy Equity Jurisprudence, § 1237.

The appellants contend this instrument is still insufficient under the quoted rule, because of the reference to a recorded mortgage, and cite 36 Am. Jur. "Mortgages" § 13 as follows:

"An instrument cannot operate as an equitable mortgage if it merely assumes that a lien has been or will be created; it must purport through its own terms and efficiency to create the lien."

The above text is supported by *Bell v. Pelt,* 51 Ark. 433, 11 S. W. 684. That case contains an extensive review of many decisions involving promises to give a lien *in the future,* and others involving letters or documents referring to some supposed lien instrument which did not in fact exist. In our opinion, such circumstances are materially different from the case before us, and the deduced principle, though correct in such cases, has no application here.

In this case, the parties do not promise to do something else; nothing further is contemplated. And the new note could not have been secured by a mortgage prior to its existence, yet the parties insert a statement expressly declaring that the note is secured by a lien

upon real estate. The intent that the debt should be a charge upon the land, upon execution and delivery of the instrument, is plain and unequivocal.

It is true they have gone further, and have incorporated a reference to an item of record, for the obvious purpose of making the terms of the lien more specific, but this is no reason to defeat their intention. In *Peckham v. Haddock*, 36 Ill. 38, the court considered an indorsement on a note purporting to recognize that it was secured by a mortgage. The reference was to a mortgage made by a different person which had been previously paid off. In giving effect to the indicated intention to make the debt a lien upon the land described in another instrument, the court said "although an instrument may not operate as a revival of a mortgage at law, it does not follow that it should not operate as an agreement to charge the lands as an equitable mortgage."

█ We, therefore, hold that, in the instrument previously quoted as Exhibit "B," the sentence beginning "This note is secured by a Real Estate Mortgage of July 31, 1907 herewith" etc., evinces an intention that the debt should immediately be a charge or lien upon certain real estate according to the terms of the document referred to. The property is sufficiently identified, and the instrument therefore constitutes an equitable mortgage between the parties.

█ It should be noted that the original mortgage of 1907 is not "revived." It is the unrecorded document of 1941 which, in equity, creates the lien; it is "the equitable mortgage." Therefore, this decision places the original parties to Exhibit "B" in the same position as mortgagors and mortgagees in an *unrecorded* mortgage. Nothing herein is to be construed as limiting the effect of the Illinois twenty-year statute on mortgages of record (now sec. 11b, ch. 83, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.270(1)]), or any other statute pertaining to recorded instruments.

The only remaining question concerns the rights of appellants as opposed to those of appellees. Obviously, equity cannot go so far as to declare this instrument effective against judgment creditors or purchasers, for they are entitled to the protection of the conveyancing and recording laws. But upon this point the law of Illinois is settled: the holders of claims allowed against an estate are not "creditors" within the meaning of sec. 30 (par. 29) of the conveyancing law, chapter 30, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 29.31]. The allowance of a claim against an estate in administration does not create a lien which did not previously exist. *Noe v. Moutray,* 170 Ill. 169. The heirs of a deceased take the property only as he held it, and the same is true of the administrator, they stand in the shoes of the deceased as to any unrecorded liens. *Noe v. Moutray, supra,* and *Kinder v. King,* 180 Ill. App. 62; *Greenspahn v. Ehrlich,* 277 Ill. App. 322. Since the equitable mortgage was valid against deceased, by the foregoing decisions it is also valid against persons in the several positions of the appellants in this case.

The decree of the circuit court construing the instrument in question as an equitable mortgage, and ordering foreclosure thereof, is affirmed.

*Decree affirmed.*

CULBERTSON, P. J., and BARDENS, J., concur.