Emerson J. Both, Administrator of Estate of Elaine Papas, Deceased, Ilo Papas and Lorna Bodvin, Appellees, v. Bernard Collins, Appellant.

Gen. No. 44,663.

Opinion filed January 19, 1950.  Rehearing denied February 21, 1950.  Released for publication February 21, 1950.

Benjamin S. Adamowski, Corporation Counsel, for appellant; L. Louis Karton, Head of Appeals and Review Division, Louis H. Geiman, Arthur Magid and Adam E. Patterson, Assistant Corporation Counsel, of counsel.

Brooks & Beardsley, Swanson, Dodge & Dornbaugh, and Paul Denvir, all of Chicago, for appellees; Gren-

■

VILLE BEARDSLEY and FRANK F. TRUNK, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages for wrongful death of Elaine Papas and injuries to Ilo Papas and Lorna Bodvin. The death and injuries resulted from a collision between the automobile in which the decedent and Ilo Papas and Lorna Bodvin were riding and an automobile driven by a Chicago Police Officer. The jury returned verdicts, in the wrongful death action of $10,000.00 and on the injuries of $18,000.00 for Ilo Papas and $100.00 for Lorna Bodvin. Judgments were entered on the verdicts and defendant has appealed.

The accident happened about 4:30 p. m. December 9, 1945, at the intersection of Cermak Road and Cicero Avenue, Cicero, Illinois. Michael Bodvin was driving north on Cicero Avenue in a 1935 two passenger Ford coupe. With him were Lorna his wife; their eight-year-old son; Ilo Papas, Michael Bodvin's sister-in-law; and her two children, Elaine, then eleven, and Peter, then six, years of age. The Ford was almost across Cermak Road when a police car driven west by defendant Collins collided with it. The Ford was overturned and came to rest at the northwest corner of the intersection. When the accident occurred defendant was driving a police car on his way to a police station to interview a person suspected of a sex crime. He had been ordered by his superior to do so.

■■ The judgment must be reversed because of the giving of plaintiff's instruction #17. That instruction told the jury ". . . if you believe that the said plaintiffs at the time and place in question were, in the exercise of reasonable care and caution for their own safety and that the defendant was negligent and that the negligence of the defendant, if any, was the proximate cause of the injury, if any, to the said

439

plaintiff, then and in that event, you are to find the defendant guilty.'' No instruction given for defendant contains the same error. Defendant did not waive his right to complain of the instruction by not specifying it in his motion for new trial. *Hannigan v. Elgin, Joliet & Eastern R. R. Co.,* 337 Ill. App. 538. The instruction is peremptory. The cases of *Smith v. Courtney,* 281 Ill. App. 530 and *Graham v. Dressen,* 292 Ill. App. 15, cited by plaintiff do not support the instruction. An instruction in *Dees v. Moore,* 335 Ill. App. 318, was defective in the same respect as instruction #17. The Court on authority of *Herring v. Chicago & A. R. R. Co.,* 299 Ill. 214, said the instruction neither confined the jury to the negligence charged nor to the evidence and held that the giving of the instruction was reversible error. In the *Herring* case a similar instruction told the jury that if it believed from the preponderance of evidence that the plaintiff was injured while exercising due care at and prior to the time of the accident as alleged in the declaration through the negligence of the defendant then the jury should find the defendant guilty. The Court held the instruction bad as not limiting the negligence to that charged and as permitting the jury to wander afield for fanciful acts of negligence not recognized by the law as actionable. It decided the giving of the instruction was reversible error in that case ''where the evidence is as conflicting as it is'', even though the Appellate Court had determined that the evidence ''preponderates'' in favor of the plaintiff. It will be noted the erroneous instruction there contained requirements of preponderance of evidence and referred to the declaration. The evidence is in conflict in the instant case. Under instruction #17 the jury was not limited as a basis for their belief either to the negligence charged in the complaint or to the evidence in the case or by evidence which preponderates in favor

of the plaintiff. The instruction is clearly bad and we see no alternative to deciding that the giving of the instruction was reversible error.

██ In aid of a new trial, we think we should decide a vital question of law presented to us. The precise question is whether defendant, a police officer, is immune from tort liability because of the duty he was performing at the time of the accident. The general rule is that a peace officer is personally liable for negligence or wrongful acts causing injury. 18 A. L. R. 197. In its most recent decision involving the liability of a police officer the Supreme Court did not follow the general rule. *Taylor v. Berwyn,* 372 Ill. 124. It is on the *Taylor* case which defendant mainly relies for immunity. In that case the Supreme Court applied the doctrine of immunity to the village of Berwyn and to a police officer in fresh pursuit of suspected criminals. The cases the Supreme Court cited and from which it reasoned to its conclusion about the personal immunity did not involve personal immunity. We do not deem *Mower v. Williams,* 402 Ill. 483 helpful.

██ The doctrine of immunity of public corporations is subject to increasing criticism and re-examination and the modern tendency is to restrict rather than to extend its application. 38 Amer. Juris. 266, 267, and 320. The doctrine is rooted in the common law and in Illinois has had an interesting development through the courts (*Freedom of Litigation,* Leon Green, 38 Ill. Law Rev. 355). Presently in Illinois the doctrine of immunity of public corporations in performance of governmental functions except when liability is imposed by statute is well established. *Taylor v. Berwyn,* 372 Ill. 124, 128.

In 1931, the Legislature took a step away from the doctrine of immunity by imposing liability upon municipalities where injuries were caused through negligent operation of motor vehicles by firemen in

the absence of contributory negligence of the party injured. Section 1—13, Chapter 24, Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1123]. This Act expressly precluded firemen from liability for such injuries while engaged in performing their duties. *Taylor v. Berwyn* was decided in October 1939. In 1943, the Legislature took another step away from the doctrine by imposing liability on municipalities of 500,000 or over for injuries caused by negligent operation of motor vehicles by policemen. Section 1—15, Chapter 24, Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1123 (1)]. The extension of personal immunity was implied in the provision "that the municipality only should be liable."

In 1945, Section 1–15 was amended and the present Act substituted. It broadens the base of liability to "any injury" caused by policemen in performance of duties where there is no contributory negligence. The liability of the municipality however is changed from the direct liability to that of indemnitor—except in cases of wilful and wanton conduct—when judgments are recovered against policemen. Thus it seems that until 1945 the Legislature followed the trend away from immunity of public corporations while maintaining a purpose to protect police and firemen against personal liability. Under existing law therefore we have in Illinois Section 1–15 which presupposes judgments against policemen for injuries caused by them in performance of duties and the *Taylor* case similar to the instant case. The Court said in the *Taylor* case that the precise question presented was whether operation of a car by police officers in *fresh pursuit* of murder and larceny suspects was a governmental function. That is different from the precise question before us.

When the *Taylor* case was decided, Section 23 of the Uniform Traffic Regulations Act (Chapter 95½,

paragraph 98—239.3 [Jones Ill. Stats. Ann. 85.130 *et seq.*]) was in effect. It provided for exceptions from the regulations. In Section 23b it excepts drivers of authorized emergency vehicles when responding to an emergency, though it requires caution. In (c) it narrows the exceptions to drivers responding to emergency calls or those in *immediate pursuit* of actual or suspected violators of law. Police vehicles are included in the definition of Authorized Emergency Vehicles. Under this provision the officers in the *Taylor* case in *fresh pursuit* were excepted from the Uniform Traffic Regulations but defendant in the instant case was not. This comports with reason. Police officers if held to the standards of ordinary prudent men cannot cope with vicious criminals. On the other hand there is no excuse for recklessness in policemen not responding to emergency or not in immediate or fresh pursuit. The common good may require sacrifices to necessary recklessness but it is not served where innocents are sacrificed to unnecessary recklessness. Extending immunity in instances like that before us should not be necessary to good police administration especially where the municipality is indemnitor.

We think each case must be decided on its facts (*Roumbos v. City of Chicago*, 332 Ill. 70) and that the *Taylor* case does not control our decision because here there was no emergency or fresh pursuit. We think also that by changing Section 1—15 the Legislature indicated a change in its purpose to immunize policemen against liability. For these reasons we think the defendant is not immune from liability.

*Reversed and remanded.*

Lewe, P. J. and Burke, J., concur.