C. Arthur Erickson, Appellee, v. Michael L. Fitzgerald, Appellant, and City of Chicago, Defendant.
C. Arthur Erickson, Cross-Appellant, v. Michael L. Fitzgerald, Defendant, and City of Chicago, Cross-Appellee.

Gen. No. 45,040.

Opinion filed December 12, 1950. Rehearing denied December 28, 1950. Released for publication January 17, 1951.

BENJAMIN S. ADAMOWSKI and JOHN J. MORTIMER, Corporation Counsel, for appellant; L. LOUIS KARTON, Head of Appeals and Review Division, and JAMES B. PARSONS, Assistant Corporation Counsel, of counsel.

BRUCE PARKHILL, of Chicago, for appellee; RUSSELL R. PARKER, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An action to recover damages for personal injuries to plaintiff and damages to his automobile resulting from a collision with a police car driven by defendant Michael L. Fitzgerald. The case was tried before the court and jury, a verdict was returned in favor of plaintiff and against defendant Fitzgerald, and damages were assessed against him in the sum of $450. Judgment was entered upon the verdict and defendant appeals.

Defendant Fitzgerald, appellant, states that his theory is "that at the time of the accident he was a public officer acting in the discharge of police duties; that in performing those duties he was exercising a governmental function; and that, in the absence of wilful and wanton misconduct, while actually performing a governmental function he is immune from liability." He raises two points in support of his contention that the trial court erred in not entering judgment in his favor: "A. A police officer in the discharge of his official duties, is exercising a governmental function, and shares with the municipality full immunity from liability for damages resulting from his acts," and "B. The defendant, Michael L. Fitzgerald, at the time and place the accident occurred, was engaged in the exercise of a governmental function." Contention B is not disputed by plaintiff. Plaintiff contends that "the immunity of Illinois cities, and therefore of their police officers, from liability for negligence has been removed by statute." (Ill. Rev. Stat. 1949, Ch. 24, Sec. 1–15 [Jones Ill. Stats. Ann. 21.1123 (1)].)

In the late case of *Both v. Collins,* 339 Ill. App. 437, the Third Division of this court had before it an action for damages for the wrongful death of Elaine Papas and for injuries to Ilo Papas and Lorna Bodvin, the death and injuries resulting from a collision between an automobile in which Elaine Papas, Ilo Papas

and Lorna Bodvin were riding and an automobile driven by a Chicago police officer, who was on his way to a police station to interview, by order of his superior officer, a person suspected of a sex crime. For the wrongful death of Elaine the jury returned a verdict for $10,000, and also awarded Ilo Papas $18,000, and Lorna Bodvin $100. Judgments were entered on the verdicts and the defendant, a police officer, appealed. After the Appellate court had found that the judgment must be reversed because of the giving of a certain instruction, the opinion proceeds (pp. 441, 442, 443):

"In aid of a new trial, we think we should decide a vital question of law presented to us. The precise question is whether defendant, a police officer, is immune from tort liability because of the duty he was performing at the time of the accident. The general rule is that a peace officer is personally liable for negligence or wrongful acts causing injury. 18 A. L. R. 197. In its most recent decision involving the liability of a police officer the Supreme Court did not follow the general rule. *Taylor v. Berwyn,* 372 Ill. 124. It is on the *Taylor* case which defendant mainly relies for immunity. In that case the Supreme Court applied the doctrine of immunity to the village of Berwyn and to a police officer in fresh pursuit of suspected criminals. The cases the Supreme Court cited and from which it reasoned to its conclusion about the personal immunity did not involve personal immunity. We do not deem *Mower v. Williams,* 402 Ill. 486, helpful.

"The doctrine of immunity of public corporations is subject to increasing criticism and re-examination and the modern tendency is to restrict rather than to extend its application. 38 Amer. Juris. 266, 267, and 320. The doctrine is rooted in the common law and in Illinois has had an interesting development through the courts (Freedom of Litigation, Leon Green, 38 Ill. Law Rev. 355). Presently in Illinois the doctrine of

226

immunity of public corporations in performance of governmental functions except when liability is imposed by statute is well established. *Taylor v. Berwyn*, 372 Ill. 124, 128.

"In 1931, the Legislature took a step away from the doctrine of immunity by imposing liability upon municipalities where injuries were caused through negligent operation of motor vehicles by firemen in the absence of contributory negligence of the party injured. Section 1–13, Chapter 24, Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1123]. This Act expressly precluded firemen from liability for such injuries while engaged in performing their duties. *Taylor v. Berwyn* was decided in October 1939. In 1943, the Legislature took another step away from the doctrine by imposing liability on municipalities of 500,000 or over for injuries caused by negligent operation of motor vehicles by policemen. Section 1–15, Chapter 24, Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1123 (1)]. The extension of personal immunity was implied in the provision 'that the municipality only should be liable.'

"In 1945, Section 1–15 was amended and the present Act substituted. It broadens the base of liability to 'any injury' caused by policemen in performance of duties where there is no contributory negligence. The liability of the municipality however is changed from the direct liability to that of indemnitor—except in cases of wilful and wanton conduct—when judgments are recovered against policemen. Thus it seems that until 1945 the Legislature followed the trend away from immunity of public corporations while maintaining a purpose to protect police and firemen against personal liability. Under existing law therefore we have in Illinois Section 1–15 which presupposes judgments against policemen for injuries caused by them in performance of duties and the *Taylor* case similar to

the instant case. The Court said in the *Taylor* case
that the precise question presented was whether opera-
tion of a car by police officers in *fresh pursuit* of mur-
der and larceny suspects was a governmental function.
That is different from the precise question before us.

"When the *Taylor* case was decided, Section 23 of
the Uniform Traffic Regulations Act (Chapter 95½,
paragraph 98–239.3 [Jones Ill. Stats. Ann. 85.130 *et
seq.*]) was in effect. It provided for exceptions from
the regulations. In Section 23b it excepts drivers of
authorized emergency vehicles when responding to an
emergency, though it requires caution. In (c) it nar-
rows the exceptions to drivers responding to emer-
gency calls or those in *immediate pursuit* of actual or
suspected violators of law. Police vehicles are in-
cluded in the definition of Authorized Emergency Ve-
hicles. Under this provision the officers in the *Taylor*
case in *fresh pursuit* were excepted from the Uniform
Traffic Regulations but defendant in the instant case
was not. This comports with reason. Police officers
if held to the standards of ordinary prudent men can-
not cope with vicious criminals. On the other hand
there is no excuse for recklessness in policemen not
responding to emergency or not in immediate or fresh
pursuit. The common good may require sacrifices to
necessary recklessness but it is not served where in-
nocents are sacrificed to unnecessary recklessness. *Ex-
tending immunity in instances like that before us
should not be necessary to good police administra-
tion especially where the municipality is indemnitor.*
[Italics ours.]

"We think each case must be decided on its facts
(*Roumbos v. City of Chicago*, 332 Ill. 70) and that the
*Taylor* case does not control our decision because here
there was no emergency or fresh pursuit. We think also
that by changing Section 1–15 the Legislature indi-

cated a change in its purpose to immunize policemen against liability. For these reasons we think the defendant is not immune from liability.''

In *Taylor v. City of Berwyn,* 372 Ill. 124, it must be noted, the Supreme court held (pp. 129, 131) that the municipality and its police officers were engaged at the time of the accident in the exercise of a governmental function of the highest character and that they would therefore be relieved from liability for personal injuries in that case *''in the absence of statutory provision to the contrary.''*

As to *Mower v. Williams,* 402 Ill. 486, referred to in the opinion of the Appellate court, the Supreme court, in its opinion, states (p. 491):

''It is next contended by the defendant that he is immune from suit on the facts here by virtue of his employment by the state. There being no evidence of wilful and wanton conduct, the question is then presented as to whether the defendant is liable for his acts of ordinary negligence. That the State is immune can hardly be questioned. Section 26 of article IV of the constitution of 1870, states: 'The state of Illinois shall never be made defendant in any court of law or equity.' Neither is a State agency liable. *Minear v. State Board of Agriculture,* 259 Ill. 549.''

*Mower v. Williams* has no application to the instant case. While defendant Fitzgerald relies upon *Taylor v. City of Berwyn, supra,* and *Mower v. Williams, supra,* in support of point A, he also cites *Sykes v. City of Berwyn,* 320 Ill. App. 440. It is sufficient to say as to that case that the question there involved was whether the policeman at the time of the accident was performing a governmental duty.

 Defendant Fitzgerald in his *reply* brief contends that Section 1–15 was intended to reinstate immunity for a police officer. There is no merit in this contention.

██ After a careful consideration of the question before us we find ourselves in accord with the reasoning and ruling of the court in *Both v. Collins, supra.*

██ In his reply brief defendant Fitzgerald is not willing to stand upon the sole point made in his brief, that "a police officer in the discharge of his official duties, is exercising a governmental function, and shares with the municipality full immunity from liability for damages resulting from his acts," and he proceeds to argue that he is "relying for reversal upon the trial court's error in failing to sustain his motion for a directed verdict and for judgment notwithstanding the verdict." As no such point was made in his brief, under our rules it cannot be made in the reply brief. (*Fohrman v. Laird,* 338 Ill. App. 393, 401.) Other cases to the same effect might be cited.

The motion of defendant Fitzgerald to reverse the instant judgment and enter judgment here for him is denied.

██ Plaintiff has filed a cross-appeal in which he contends: "The court erred in refusing to enter judgment in favor of the plaintiff and against the City of Chicago upon the verdict of the jury in favor of the plaintiff and against defendant Fitzgerald." Plaintiff argues that "all of the conditions of the statute were met, either being admitted or being established by the verdict of the jury against the policeman, Fitzgerald, and since the City was a party to the proceeding, plaintiff was entitled as a matter of law to a judgment against the city at the very instant judgment was entered against Fitzgerald." In support of his position plaintiff cites that part of Section 1–15 which provides that the City "shall indemnify the policeman for any judgment recovered against him as the result of such injury, except where the injury results from the wilful misconduct of the policeman." There is no merit in plaintiff's contention. In 42 C. J. S. Indemnity, Sec.

3, Distinctions, p. 567, it is stated: "A surety is directly and immediately liable for a debt; *an indemnitor* is liable only after unsuccessful efforts by the indemnitee to collect from the debtor. A contract of surety involves a direct promise to perform the obligation of the principal in the event that the principal fails to perform as required by his contract; a contract of indemnity obligates the indemnitor to reimburse his indemnitee for loss suffered . . . but never directly to perform the obligation indemnified." If defendant Fitzgerald pays the judgment against him the City would then have to indemnify him for the amount paid. The cross-appeal is dismissed.

The judgment entered by the Municipal Court of Chicago in favor of plaintiff, C. Arthur Erickson, and against defendant Michael L. Fitzgerald is affirmed.

The cross-appeal of plaintiff is dismissed.

*Judgment in favor of plaintiff and against defendant Michael L. Fitzgerald affirmed. Cross appeal of plaintiff dismissed.*

SCHWARTZ, P. J., and FRIEND, J., concur.