(No. 31844.

EULA LEE MATTHEWS FINLEY *et al.,* Appellees, *vs.* ALLEN CROSSLEY *et al.*—(JOHN LEE, Appellant.)

*Opinion filed May 24, 1951—Rehearing denied September 17, 1951.*

ELLIS & WESTBROOKS, of Chicago, (RICHARD E. WESTBROOKS, of counsel,) for appellant.

ISAAC I. BENDER, of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellees, plaintiffs below, filed a partition suit in the superior court of Cook County, on January 12, 1949. The defendants named were Allen Crossley and unknown owners of the premises and unknown heirs or devisees of Janie Crossley. Defendant Allen Crossley filed an amended answer and the matter was referred to a master in chancery for proofs and findings. On December 12, 1949, Allen Crossley died. On January 24, 1950, an amendment to the complaint of plaintiffs was filed alleging the death of Allen Crossley, and also alleging that one John Lee, appellant here, had been appointed executor and was sole legatee, devisee and heir of Allen Crossley, and that the said John Lee was a necessary party to the complaint. Following this, John Lee was made a party to the cause, being given five days thereafter to enter his appearance. On January 30, 1950, an answer to the amendment to the complaint was filed by Richard A. Harewood and Benjamin G. Clanton, as attorneys for the defendant John Lee. Following this, the decree of partition was entered with a decree for sale.

Appellant, John Lee, through his present counsel, filed a petition and moved to vacate the decree of partition and sale and requested a hearing on the grounds that the said John Lee did not have any knowledge that he had been made a party to the suit, had received no notice, retained no attorney, nor did he appear as defendant in the cause. The cause was set for hearing and was later continued to allow appellees to file their answer to the petition of appellant. Upon a hearing on the petition of the appellant and the answer of the appellees, a motion was made by the appellant to strike the answer of appellees as being insufficient, at which time the court entered an order striking both the answer and the petition. It is from this order

striking the petition of appellant that the appeal is brought to this court.

It is the contention of appellant that although he was named as a party to the suit he was not served with summons as required by section 25 of the Civil Practice Act, (Ill. Rev. Stat. 1949, chap. 110, par. 149,) and did not voluntarily enter an appearance in the cause until he filed his petition to vacate the decree of partition and sale, and that counsel who filed a purported answer in his behalf had no authority to represent him. Appellant contends further that he was deprived of his property without due process of law in violation of the State and Federal constitutions in that his property was taken from him without any notice and without an opportunity to be heard.

It would seem the question presented here was whether or not appellant entered his appearance in the proceeding. The record discloses that appellant appeared and testified in the partition suit, and that Richard A. Harewood and Benjamin G. Clanton, who filed an answer in his behalf, testified that they were acting as attorneys for appellant. This testimony was given in the presence of appellant, and further, appellant testified in the cause generally.

The appellant relies on the case of *Oglesby* v. *Springfield Marine Bank,* 385 Ill. 414, which holds that all persons who are interested in the subject matter of a chancery suit must be made parties to the suit. This case affords no assistance for the reason that appellant was made a party defendant to the suit as being the sole heir, devisee, legatee and executor of the principal defendant, Allen Crossley. Appellant was a necessary party defendant in this cause and while it is true no summons was served upon him, the real question is whether or not he entered his appearance as a party defendant.

Appellant cites the case of *Gray* v. *First Nat. Bank,* 388 Ill. 124, where the court said, "It is true that where

438

an attorney appears of record for a party, the presumption is that his appearance in such a capacity was duly authorized by the person for whom he is appearing. However, it is not a conclusive presumption and when the facts show a lack of authorization, express or implied, and there is no proof of ratification, the acts of counsel are a nullity as against the party for whom the appearance was entered."

The facts that, as the record discloses, the attorneys who represented the original defendant, Allen Crossley, after his death filed an answer on behalf of appellant, and testified in appellant's presence, without any objection of appellant, that they were acting for and on appellant's behalf, seem sufficient to warrant the presumption that the appearance of counsel was authorized by appellant.

We are of the opinion, after a careful analysis of this record, that the facts as shown were sufficient to justify the lower court in striking the petition of appellant. The order is, therefore, affirmed.

*Order affirmed.*