**Essie B. Westbrooks et al., Appellants, v. Eula Lee Matthews Finley et al., Appellees.**

**Gen. No. 46,853.**

First District, Second Division.

September 25, 1956.

Rehearing denied November 27, 1956.

Released for publication November 27, 1956.

Heber T. Dotson, of Chicago, for appellants.

Isaac I. Bender, of Chicago, for appellees.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order of the lower court dismissing a bill of review for errors apparent on the face of the record. The history and pleadings in this matter are quite extensive and will here be related only to the extent necessary for our decision.

The issues before this court arise out of a partition suit filed by Eula Lee Matthews Finley and Henry P. Willimon, in which one John Lee was a party defendant. A decree of partition was entered on June 20, 1950. The decree ordered the sale of the property involved, and referred the determination of rents and profits to a master. Defendant John Lee appealed from this decree and, on August 28, 1950, filed a supersedeas bond in the sum of $3,000. John Lee's attorney, Richard E. Westbrooks, signed this bond as surety, giving as security three pieces of real estate which are the properties involved in the present appeal. The partition decree was affirmed on appeal (Finley v. Crossley, 409 Ill. 435) and the U. S. Supreme Court denied petition for certiorari.

John Lee filed another appeal from the order of the lower court confirming the sale of the property involved in the partition suit. As principal, he signed another supersedeas bond in the sum of $2,500 on May 26, 1952, and his attorney, Richard E. Westbrooks, again signed as surety listing the same three pieces of real estate as security. The order of the lower court was again affirmed. (Finley v. Crossley, 414 Ill. 105.)

As a result of the proceedings before the master, two judgments were entered against John Lee. One dated October 27, 1953, in the sum of $5,556.13, and the other dated December 3, 1953, in the sum of $568. John Lee's whereabouts became unknown just prior to the time the judgments were entered against him.

Richard E. Westbrooks died in December 1952, and title to the real estate scheduled in the two bonds de-

scended to his wife, Essie B. Westbrooks, by virtue of a joint tenancy deed executed and recorded during the lifetime of Richard E. Westbrooks after the execution of the supersedeas bonds.

Plaintiffs obtained leave of court to file a supplemental and amended complaint making Essie B. Westbrooks, individually and as administratrix of the estate of Richard E. Westbrooks, deceased, a party defendant; prayed that title to the property specified as security for the bonds be declared "subject to the lien created by the bonds in the sum of $5,500, and the property be sold to satisfy this lien and all costs of this action together with interest which may have accrued"; and "that the title of record in Essie B. Westbrooks to the property . . . be declared null and void and that such property be sold by this court to satisfy the amount due on the bonds filed by Richard E. Westbrooks."

The objection of Essie B. Westbrooks to being made additional party defendant was overruled, and her motions to strike and dismiss the amended and supplemental complaint were denied. On October 27, 1954 Essie B. Westbrooks filed her answer which admitted the allegations of the amended and supplemental complaint, but denied that plaintiffs had a lien on the property mentioned, and further denied that plaintiffs were entitled to any of the relief prayed because there had never been a judgment against Richard E. Westbrooks or his estate on the bonds.

On December 21, 1954 the court entered a decree, finding the facts to be as they have been heretofore set forth. The court further found that the plaintiffs acquired a lien on the property set forth as security in the bonds, and decreed:

". . . that the real estate set forth herein and known as A, B and C, BE Sold at public auction to the highest and best bidder, provided that each piece of property

shall not be sold for less than $2,500.00 each or a sum of not less than $7,500.00 for the three pieces of property. That the properties shall be sold only for cash and the buyer at the sale shall deposit with the Master in Chancery the purchase price at the time of sale."

Thereafter Essie B. Westbrooks filed a bill of review for errors apparent on the face of the record, which the lower court dismissed. Many issues were raised in the bill of review and in the briefs on this appeal. Our opinion, however, is based on one point, and we need go no further.

Essie B. Westbrooks was not, individually or as administratrix, a party to the actions against John Lee. She was not made an additional party defendant nor served with summons until after there had been a final decree in the partition suit and the judgments against John Lee had been entered. The amended and supplemental complaint which made her a party defendant did not seek a judgment on the bond against Essie B. Westbrooks in her capacity as administratrix. Instead, it prayed that the court order the sale of properties listed as security for the bond in satisfaction of the judgments against John Lee. The court's order granted the relief prayed. There was never a judgment on the bond against the surety, Richard E. Westbrooks, or his administratrix.

■ ■ We therefore have a situation where the security advanced by a surety on a supersedeas bond has been ordered sold without there being any adjudication of the surety's liability on the bond. No authority has been cited and we have found none to the effect that the security of a surety on a bond may be subject to levy upon the sole ground that judgment has been entered against the principal, where the surety was not a party to the suit against the principal and was given no notice of it. Unless there is a statute eliminating the necessity of a formal judgment in cases

431

of this kind, the trial court cannot be deemed empowered to proceed in this manner. In Whitehurst v. Coleen, 53 Ill. 247, it was held that under the twenty-fourth section of the cost act, then in existence, a fee bill and execution for costs may issue against the surety for costs, without a judgment having been rendered against him. The court said, however, that "were it not for that section, it is perfectly obvious that a judgment on the bond for costs would have to precede the fieri facias. It would then be governed by common law principles." There is no statutory provision in Illinois which eliminates the necessity of obtaining a judgment against the surety on the bond before execution may issue against his property. The common law applies, and the common law requires a judgment.

The liability of a surety on a bond is of a contractual nature, and thus it may differ from the nature of the principal debtor's liability. Gillmore v. Equitable Surety Co., 239 N. Y. S. 530; Merrill v. Travis, 248 Ala. 42, 26 So.2d 258. In Grommes v. St. Paul Trust Co., 147 Ill. 634, the court said:

"Some cases hold that the judgment [against the principal] is conclusive evidence against the surety, but these will generally be found to be cases where the contract of the surety obligates him to be responsible for the result of a suit against his principal, or where he has been made privy to the suit against the principal by notice, and has been given an opportunity to defend it. . . . The general tendency of the decisions is in favor of the position, that, in the absence of such notice and opportunity to defend, or of such assumed responsibility for the result of a court proceeding, the judgment against the principal is not conclusive against the surety, but can only be introduced against him as evidence of its own existence, and not as evidence of the facts upon which its recovery rests."
It is apparent that the requirement of a judgment on the bond against the surety is more than a mere tech-

nical formality. It insures the surety of a hearing and an adjudication of the issues relevant to his liability on the bond. The proceeding below did not concern the issue of liability on the bond. The bond, itself, did not even appear in the pleadings.

We are of the opinion that the trial court was without authority to order the sale of the properties listed as security for the bonds. This was error apparent on the face of the record. The trial court erred in dismissing the bill of review. The cause is reversed and remanded with directions to take such further proceedings as are consistent with the findings of this opinion.

Order reversed and cause remanded.

SCHWARTZ and McCORMICK, JJ., concur.