DONALD BOHANNON, Plaintiff-Appellee, *v.* MARION SCHERTZ, Defendant-Appellant.

(No. 73-167; ▮▮▮▮▮▮▮

Third District—July 31, 1974.

John L. Barton, of Barton & Barton, of Marseilles, for appellant.

Robert L. Silberstein, of Peoria (Michael Heller, of counsel), for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an action in the circuit court of Peoria County where after trial by jury a verdict in favor of Donald Bohannon, the plaintiff, was returned against the defendant, Marion Schertz, who was a landlord who the jury found to be negligent in maintaining premises rented to and occupied by the plaintiff.

The defendant assigns as reversible error that the evidence showed that the plaintiff was guilty of contributory negligence; that erroneous instructions were given by the trial court; that the conduct of the trial judge denied the defendant a fair trial; that the defendant was denied the opportunity of making a closing argument and that the defendant was denied a fair trial both as to whether plaintiff was injured and as to the issue of damages.

We do not deem it necessary to set forth a recital of the facts which were adduced during the course of the trial since they are not pertinent to the disposition of this appeal. It is to be noted that the defendant during the trial appeared *pro se* and was never assisted by counsel. The defendant persisted in representing himself despite repeated admonitions from the trial judge that he would be better served by representation of counsel.

■■ The law is well settled in Illinois that a defendant has the right to represent himself and to conduct his care without the aid of an attorney; however, if this is his desire he must comply with the same rules of proceedings as would be required of an attorney. See *Brewer v. National Union Building Association*, 64 Ill.App. 161, *aff'd*, 166 Ill. 221, 46 N.E. 752; *Outlaw v. Young Men's Christian Association*, 84 Ill.App.2d 321,

228 N.E.2d 193; *City of Chicago v. Thorandos*, 88 Ill.App.2d 244, 232 N.E.2d 73.

■■ Assuming for purposes of *arguendo* only that there is merit in one or more of the assignments of error that the defendant attempts to raise in this appeal we can only conclude that they are not properly before this court. We reach this conclusion because the record discloses that the defendant failed throughout the entire trial of his case to make any objections whatsoever to the plaintiff's evidence. A party desiring to preserve a question for review in the appellate court must make appropriate objections in the trial court. (*Dupay v. New York Central R.R. Co.*, 110 Ill.App.2d 146, 249 N.E.2d 170; *Senese v. City of Chicago*, 88 Ill.App.2d 178, 232 N.E.2d 251.) A party is not permitted to lie by and speculate on his chances for a verdict and raise objections which should have been raised during trial. (*Weinrob v. Heintz*, 346 Ill.App. 30, 104 N.E.2d 534.) The failure of a party to object during the course of a trial constitutes a waiver of the objection. *McElroy v. Force*, 38 Ill.2d 528, 232 N.E.2d 708; *Johnson v. Ward*, 6 Ill.App.3d 1015, 286 N.E.2d 637.

■■ The defendant having failed to take the necessary steps to preserve the record in the trial court for purposes of appeal cannot now come before this court seeking to review various issues to which he made no objections during the course of the trial. At first blush such rules of law cited herein may appear to be harsh; however, it was the defendant's decision to represent himself *pro se*. He was adamant in his refusal to obtain counsel even though he was advised to do so by the trial judge and according to his own statement urged to do so by his wife. That he must now abide by the representation he afforded himself is indeed necessary, for to hold otherwise would play havoc with trial court and appellate court practice and procedure. A litigant cannot be permitted to try his hand at representing himself on the trial level and then, if an adverse result occurs, be permitted to come before a reviewing court and be permitted to retry his case on appeal.

While we recognize that the defendant's representation of himself was incompetent, the record does not disclose that the trial of his cause could be characterized as a sham or farce. On the contrary, as the result of the efforts of the trial judge, an orderly trial ensued and the interests of the defendant were protected and safeguarded to the best of the court's ability.

For the reasons set forth the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

DIXON and STOUDER, JJ., concur.