VEE SEE CONSTRUCTION COMPANY, INC., Plaintiff-Appellant, *v.* HILLARY LUCKETT, Indiv. and d/b/a Luckett Construction Company, *et al.*, Defendants.—(INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant-Appellee.)

First District (5th Division)    No. 80-1745

Opinion filed November 30, 1981.—Rehearing denied January 4, 1982.

Martin, Craig, Chester & Sonnenschein, of Chicago (Edward Atlas, of counsel), for appellant.

Richard B. Caifano and David E. Feldman, both of Chicago, for appellee.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff (Vee See) appeals from a judgment of the trial court entered in favor of it against International Fidelity Insurance Company (Fidelity) in the amount of $3,000. The issues presented for review are (1) whether the trial court had jurisdiction to vacate the first judgment for $15,000 against Fidelity; and (2) whether the judgment of $3,000 was against the manifest weight of the evidence. The pertinent facts follow.

Vee See entered into a contract with the Chicago Board of Education for rehabilitation of an elementary school. They then entered into a subcontract with Hillary Luckett for masonry work in the amount of $19,940. Luckett was required to furnish and did obtain a performance bond in the amount of $20,000, with Fidelity as surety and Vee See as owner.

Vee See filed its complaint on May 31, 1979, alleging that Luckett defaulted on its subcontract and Fidelity breached its performance bond, causing it to incur the costs in obtaining the completion of the work. Fidelity's attorney entered his appearance for both Luckett and Fidelity; however, only an answer on behalf of Fidelity was filed. Fidelity admitted the execution of the performance bond but stated that alterations or modifications of the original contract may constitute a waiver of responsibility by Fidelity.

On October 12, 1979, Vee See filed its motion to default Luckett. Notice was served upon Fidelity's attorney that on January 9, 1980, Vee See would move the court for prove-up instanter in the entitled matter. A judgment was entered on January 9, 1980, against Luckett and Fidelity in the amount of $15,000.

On April 24, 1980, the trial court held a hearing on Fidelity's motion to vacate the default judgment. Vee See objected on the ground that Fidelity's motion to vacate was filed more than two months after the 30 days permitted by section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) and submitted the affidavit of Edward Atlas, attorney for Vee See. The affidavit indicated several communications with Fidelity's attorney regarding the judgment. A bystander's report on the proceedings indicated that the court requested counsel for Fidelity to produce a copy of its motion. Fidelity produced a copy of the motion bearing a filing date of February 8, 1980, whereupon the court allowed the motion to vacate and set trial for May 13, 1980. No proof of service was made upon Vee See of the filing by Fidelity of this motion on February 9, 1980.

At the hearing in May, the architect testified that Luckett was required to make repairs to the parapet, not contemplated in the original subcontract, but covered by a change order dated June 2, 1977, for an additional amount of $4,010. He indicated that upon inspection of

Luckett's work in August 1978 and the finding that it was unacceptable, he, the building engineer and a Board of Education representative met with Luckett and informed him of the defects.

Vergil Herter, president of Vee See, testified that upon default of Luckett and Fidelity's refusal to complete the work, Vee See entered into a contract with Ray Anderson on November 9, 1979, in the sum of $13,000 for completion of Luckett's work. Herter stated that at the time Luckett went off the job, the work could have been completed for $3,000 to $4,000. The increase in cost was due to the job being uncompleted for two severe winters.

Vee See and Fidelity's exhibits detailed the pertinent communications between Vee See, Fidelity and American Bonding Agency, Inc. (Fidelity's representative in Chicago):

(1) Vee See letter to Fidelity dated October 6, 1978.

(2) Fidelity responded October 10, 1978, advising Vee See that American Bonding Agency would be handling the claim.

(3) Vee See letter to American Bonding dated October 13, 1978.

(4) Vee See letter to Luckett dated November 10, 1978, with copy to American Bonding.

(5) Vee See letter to American Bonding dated December 4, 1978.

(6) A memo left by Antonio Alvarado, a representative of American Bonding who came to Vee See's offices on December 20, 1978, requesting information and documents in regard to this matter.

At the close of final arguments, the court entered a judgment in favor of Vee See for $3,000.

OPINION

Vee See argues that the trial court lacked jurisdiction to vacate the judgment entered against Fidelity. The basis of this argument is that there was no compliance with the court records act (Ill. Rev. Stat. 1979, ch. 116, par. 1) and section 47 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 47).

■■ Upon the trial court's examination of the record at the April 24, 1980, hearing and its determination that certain documents were missing, Fidelity, upon request, presented the court with its stamped copy of the February 8, 1980, motion to vacate. Thereafter, the court reviewed other documents, heard arguments and allowed the motion to vacate the exparte judgment. There is no indication in the record that Vee See objected to the bystander's report insofar as it is an accurate account of those proceedings, nor within that report is there a notation of Vee See's objection to the procedure for the submission of this motion. A party desiring to preserve a question for review must make appropriate objection in the court below, and a failure to object to preserve a question

for review constitutes a waiver. (*Bohannon v. Schertz* (1974), 21 Ill. App. 3d 149, 315 N.E.2d 316.) Thus, for purposes of this appeal, Vee See waived this issue for review.

Vee See next argues that the trial court's award of $3,000 is insufficient and against the manifest weight of the evidence. They contend the award of damages should have been the amount required to have Luckett's work completed by Anderson Co.

■■■ A review of applicable surety law principles for background indicates that a surety is one who becomes responsible for the debt or default of another. He binds himself for the payment of a sum of money, or for the performance of something else, for another who is already bound for such payment or performance. (72 C.J.S. *Principal & Surety* §2 (1951).) A contract of a surety involves a direct promise to perform the obligations of another person in the event such person fails to perform as required by his contract. (*Erickson v. Fitzgerald* (1951), 342 Ill. App. 223, 96 N.E.2d 382.) The legal duties of a surety on its performance bond should not be expanded beyond the terms of the surety's promise, but a surety is not allowed to free itself from its contractual obligations. (*Neenah Foundry Co. v. National Surety Corp.* (1964), 47 Ill. App. 2d 427, 197 N.E.2d 744.) Some cases hold that a judgment against the principal is conclusive evidence against the surety where the contract of the surety obligates him to be responsible for the result of a suit against his principal, or where he has been made privy to the suit against the principal by notice, and has been given an opportunity to defend it. (*Westbrooks v. Finley* (1956), 11 Ill. App. 2d 428, 138 N.E.2d 77.) However, a judgment on the bond against the surety is a requirement to hold the surety liable. (*Westbrooks.*) In the pending matter, Fidelity vacated the default judgment against itself, and a subsequent hearing was held which determined Fidelity's liability on the bond. However, in order to uphold Vee See's contention that the amount of damages is inadequate, and contrary to the manifest weight of the evidence, we must find that the court ignored the evidence or its measure of damages was erroneous as a matter of law. (See *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1980), 90 Ill. App. 3d 817, 413 N.E.2d 1299.) A reviewing court will not disturb a trial court's findings and substitute its own unless the trial court's findings are manifestly against the weight of the evidence. (*Ross v. Steiner* (1978), 66 Ill. App. 3d 567, 384 N.E.2d 398.) It is well settled that a trial judge is in a superior position to determine the credibility of witnesses and weigh the evidence. And we are not free as reviewing judges to reweigh the evidence. *Department of Revenue v. Marion Sopko, Inc.* (1980), 84 Ill. App. 3d 953, 406 N.E.2d 583.

Our examination of the record reveals that at the time of Luckett's default, Vee See's own evidence revealed that the work could have been

completed for an amount between $3,000-$4,000, but it remained uncompleted for two severe winters. Vee See did offer evidence to support its contention that the delay was not occasioned by their inaction; however, it was within the trial court's discretion to accept or reject this evidence and to evaluate the weight to be given to it.

As such, the record adequately supports the trial court's judgment and does not merit a reconsideration of the damages.

We hold, therefore, that the judgment for Vee See in the amount of $3,000 was not contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.