(No. 4752-

TED E. WARREN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1961.*

RALPH W. HARRIS, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

This is an action brought by claimant, Ted E. Warren, against respondent, State of Illinois, to recover $5,000.00 in damages for personal injuries, which he sustained at or about the hour of 11:00 P.M. on October 29, 1955.

The record consists of the following:

1. Complaint
2. Departmental Report
3. Transcript of evidence

4. Motion of claimant for leave to waive the filing of brief and argument, together with attached proof of service of a copy on the office of the Attorney General

5. Order of the Chief Justice denying the motion of claimant for leave to waive the filing of brief and argument

6. Brief and argument of claimant

7. Statement, brief and argument of respondent

8. Original transcript of evidence taken on September 10, 1959

9. Abstract of evidence

10. Supplementary brief and argument

11. Commissioner's Report

Claimant charges that on said date State police officers, Sgts. Herbert Bramlet, L. E. Lezynski and Guthrie Alexander, were patrolling State Bond Issue No. 13, during which time they apprehended him near the Gallatin County Line in Saline County, Illinois. He was placed under arrest, and charged with driving while under the influence of intoxicating liquor, reckless driving, and with having a bottle with a broken seal in his possession and in his automobile.

He was taken to the Saline County jail in the City of Harrisburg, Illinois, at which time he was assaulted by officers Lezynski and Bramlet, while being placed in the jail, i.e., by officer Lezynski shoving and throwing claimant through the jail door, causing him to be over-balanced, and while grabbing for the door to keep from falling, and simultaneously therewith officer Bramlet slammed the cell door catching claimant's left thumb in the door, and severing it at the first phalanx.

This is an action sounding in tort.

Respondent proceeded to trial under a general denial of the facts set forth in the complaint pursuant to Rule 11 of this Court.

In its brief and argument, respondent contends that, ·first, there is no evidence of any negligence by the officers, agents or employees of respondent; second, that the injury to claimant was the result of his own carelessness

and unlawful acts; third, that under the statutory jurisdiction of this Court no liability exists for the acts of State highway policemen; fourth, that the acts upon which this claim is based were performed for the sheriff of Saline County, and not as agents or in behalf of the State of Illinois.

The three police officers testified that on the evening in question they saw claimant's automobile, and noticed that his car was weaving back and forth across the center line, and on one occasion off onto the shoulder of the road. Upon stopping him and asking him to get out of his car, they noticed that he was unsteady, and it was necessary for him to lean up against his automobile to support himself. He was driven to the sheriff's office in Saline County by two of the officers, the other officer driving his automobile to Harrisburg, Illinois.

The officers further testified they observed claimant walking from the automobile into the sheriff's office, that he staggered and was unsteady, that there was a strong odor of alcohol, and that there was a bottle of gin in his car, which was half gone. He was observed not only by the police officers in the sheriff's office, but by the deputy sheriff, referred to as the turnkey, being Jeff Stricklin, who testified that claimant was staggering, unsteady on his feet, and talking incoherently with a thick tongue. All four of these witnesses expressed an opinion that claimant was intoxicated.

Claimant offered the testimony of the doctor, who cared for him at the Harrisburg Hospital, and who was unable to testify as to the intoxication of claimant at the hospital. Also, a patient in the hospital testified that, in his opinion, when he saw claimant in the hospital in the ward in which he was taken after midnight, he was not intoxicated.

There is testimony to the effect that, when the personal effects were being taken from claimant in the jail, claimant objected to his billfold being taken, and refused to voluntarily give it up. It was necessary that officer Lezynski count the money, and note the contents of personal property of claimant on the envelope in which his personal effects were to be kept.

Claimant refused to go into the jail, so that it was necessary for officer Lezynski to pick him up bodily, by getting behind him, putting his arms around his body, and pinning his arms to his side, while the deputy sheriff opened the door, so that officer Lezynski could put him inside. All during this time, claimant was resisting, and attempting to brace his feet to keep from being put into the jail. Before the cell door could be closed, claimant started to come out, and was pushed or held inside of the door, and, with the aid of the deputy sheriff, the door was closed. Evidently at that time claimant placed his hand in the door, and his thumb was caught.

In regard to the incident, the officers claimed that they knew nothing about any injury to the thumb of claimant until one of the inmates said that his thumb was injured, and, due to the fact that there was heavy meshing on the door, it was hard to see through the cell block door. They viewed claimant's thumb through an opening in the door used for the purpose of passing food through to the inmates, and it appeared that his thumb nail was torn and bleeding very slightly.

Claimant is further making an issue of the fact that, at the time of the subsequent hearing before the Commissioner, the State's Attorney of Saline County dismissed all of the charges with the exception of the reckless driving charge, and, upon the plea of guilty, assessed a fine, which was suspended.

Counsel for claimant is also relying upon the fact that the other officers should have assisted officer Lezynski in placing claimant in the cell or cell block; and, the fact that he was injured is automatic as to the State's responsibility and liability that damages should be awarded to claimant under the Court of Claims Act, namely, Sec. 8 (C), Ill. Rev. Stats., 1957, Chap. 37, 439.8 (C).

Two cases are also cited under the points and authorities, namely, *Erickson* vs. *Fitzgerald*, 342 Ill. App. 223, *Both* vs. *Collins*, 339 Ill. App. 437, and 29 I.L.P. 100 (Sec. 61). The cases referred to relate to the responsibility of police officers in performing their governmental functions.

We could dispose of one of the contentions of respondent, and the contentions of claimant, that, if the police officers used more force than was necessary in apprehending and placing claimant behind bars, and were negligent in the handling of claimant, then, in our opinion, the State would be liable, and claimant would be entitled to damages.

As to respondent's contention that the State of Illinois is not liable for the acts of officers, agents or employees of political subdivisions or municipal corporations, that is a correct statement of the law, and we have so held. However, this case is not predicated upon the negligence of any county law enforcing officer, but of the police officers of the State of Illinois, who are its agents.

The State of Illinois, in employing police officers to patrol its highways, does so for the sake of the traveling public, both residents and non-residents of the State, in an attempt to keep its highways free from motorists traveling while under the influence of intoxicating liquor, violating the motor vehicle code, and the operation of an

automobile in a manner, which endangers the life or lives of people traveling thereon.

The police officers in this regard do not have an enviable job, and are only trying to do their duty. They only make arrests where they believe that arrests should be made, and those punished, who have violated laws, which have been passed by our legislature.

It is a grave offense to operate a motor vehicle upon a public highway in an intoxicating condition, because of the hazards which are created thereby.

The officers, in discovering the condition of claimant, had no alternative but to take him into the county jail, remove his personal effects, and place him behind bars until he was in a condition to be released, after furnishing satisfactory bond prior to being tried for the offenses for which he was charged.

His refusing to go into the jail voluntarily was of his own doing. It was necessary for the officer to bodily carry him into the jail, and it was necessary for the officer to keep him from coming out of the jail before the door could be closed.

We appreciate the fact that claimant contends that he was pushed and spun around, and that he grabbed onto the door to keep from falling. However, from the testimony of the witnesses, it appears that he was not shoved hard enough to fall, but that he was attempting to come out of the door, and the deputy sheriff and officer Lezynski were trying to hold him off, and at the last minute claimant stuck his thumb in the door jam, and it was injured in the closing of the door.

Based upon the evidence in this case, we find that the officers did not use any more force than was necessary to place him in the jail, but it was necessary to close the door, and to hold him off while closing the door. Had he

not stuck his hand in the door, he would not have been injured.

We feel inclined to follow the same reasoning that we have in any case sounding in tort, which is that the burden would be upon claimant to prove that he did not contribute to his own injury, and that it was the negligence or unlawful assault upon him, which resulted in damages.

It is, therefore, the order of this Court that the claim filed herein be denied.