Carl Moore, Plaintiff-Appellee, v. Frank Cook, Defendant-Appellant.

Term No. 59–F–1.

Fourth District.
May 7, 1959.
Released for publication July 16, 1959.

Robert F. Godfrey, of East St. Louis, for defendant-appellant.

John R. Sprague, of Belleville, for plaintiff-appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Carl Moore, suffered injuries when his automobile was struck by a police car driven by the defendant, Frank Cook. Judgment was recovered by plaintiff on a verdict for $15,470.50, plus $350 for damage to his car. The facts are not in dispute, and they are as follows: The defendant, a police officer of the City of East St. Louis, observed a traffic violation by an out of state car, while he was on duty. He ordered the car to the station, but became separated at a stop light, and the foreign car fled. He followed, and they proceeded out of the city and turned east on U. S. 50, a four-lane main highway, with the other car having some lead, and defendant following at high speed with siren and light operating.

Another highway crosses #50 on an overpass, but also has connections to #50. A vehicle, owned and operated by certain co-defendants, came onto #50 from

the cross-road and defendant proceeded to go around it at a speed of 90 m.p.h. In doing so he swerved far over into the west-bound lanes, into the path of the on-coming vehicle driven by plaintiff, causing a collision, with resulting injury and damages.

The operators of the vehicle from the cross-road, were also charged with negligence, but the jury found them not guilty, and that part of the case is not here involved. It is not denied that the verdicts were within the scope of the evidence, nor is any question of contributory negligence raised. The sole point made on this appeal is that the defendant was a police officer, engaged in governmental functions, and was immune from liability for negligence while so engaged, citing one case: Taylor v. City of Berwyn, 372 Ill. 124, 22 N.E.2d 930.

■ There can be no doubt that, at common law, a municipal officer was immune from liability in the performance of judicial or quasi-judicial functions, but with few exceptions he was liable for injury caused by his negligence in other functions. See 37 Am. Jur. Municipal Corporations, Sec. 264, which cites numerous cases and expressly states the rule applies to police officers. Under the title "Public Officers," 43 Am. Jur. 279, cites a long list of cases to this effect:

"A public officer as a rule is answerable to private persons who sustain special damage resulting from the negligent performance of the officer's imperative or ministerial duties, unless the wrong done is a violation of a duty which he owes solely to the public."

Turning to the narrower topic of "Sheriffs, Police and Constables," 47 Am. Jur. Sec. 42, it is again stated: "A peace officer is generally held to be personally liable for negligent or wrongful acts causing personal injury or damage."

This general rule of law has been repeatedly acknowledged in the early cases in this state, in which

50

the rule of municipal immunity was established, but not extended to the individual. The President and Board of Trustees of the Town of Odell v. Schroeder, 58 Ill. 353; City of Chicago v. Williams, 182 Ill. 135.

Moreover, it appears to be the current legislative policy of this state that police officers are not immune from tort liability. The Uniform Traffic Act states that drivers of municipal vehicles are subject to the Act, except that, on emergency calls special privileges may be assumed. Ill. Rev. St. Chap. 95½, Sec. 120. Sec. 99 of the Act defines authorized emergency vehicle to include police vehicles, and Sec. 169 states, "This section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway." Section 150 contains a similar provision with respect to exceeding the speed limits, by an authorized emergency vehicle.

If a police officer had no duty to drive with due regard for the safety of others, there would be no purpose in saying he is not relieved from that duty. Nor would there be any purpose in preserving that duty if a violator were immune from liability for injury caused by the violation.

The legislature has also demonstrated its attitude by amendments to Chapter 24, Cities and Villages, first by requiring the City of Chicago to indemnify policemen who have been found liable for injuries which have occurred during the course of their performing police duties. (Sec. 1–15) This section has been before the Supreme Court in a case hereafter cited. Later, Sec. 1–15.1 was added, extending this requirement with a $50,000 limit to all other municipalities. These sections expressly exclude cases of wilful and wanton misconduct, so that they apply only in negligence cases. If a police officer is immune from liability for negligence in the performance of his du-

51

ties as a policeman, it seems unlikely these laws would have been enacted.

The case of Taylor v. City of Berwyn, 372 Ill. 124, 22 N.E.2d 930 was decided in 1939. It involved a police car chasing a murderer, and verdicts were returned against both the city and the officer. The Supreme Court reviewed the precedents in this state concerning the immunity of municipal corporations, in actions for the negligence of its officers and agents, when performing strictly governmental functions, and adhered to the precedents in that respect. The opinion then added that, since the officer "was actively engaged in the performance of a governmental function on behalf of the city of Berwyn at the time of the collision, the judgment of the trial court as to him was erroneous."

The opinion gives no reason or explanation for this apparent departure from precedent, nor does it cite any precedents. This part of the decision is not reflected by the headnotes in the official reports, which may account for the volume of judgments against officers, entered in trial courts, perhaps unaware of this case. Was it intended to confer a complete immunity on the individual, equal to that of the municipality, or is it a limited rule on a special state of facts? The appellate courts have been struggling with these problems, with some attempt to limit it to special facts, thereby trying to fit it into the general rules of personal liability. Mower v. William, 334 Ill. App. 16, 78 N.E.2d 529; Both v. Collins, 339 Ill. App. 437, 90 N.E.2d 285; Erickson v. Fitzgerald, 342 Ill. App. 223, 96 N.E.2d 382.

The latter two opinions also undertook an examination of legislative history, of which some provisions are referred to above. Since most of these current laws were enacted since the Berwyn case, there may

be an inference that the opinion was based on the 1939 assumed policy, or absence of policy.

Since its 1939 opinion, the Illinois Supreme Court has not had before it a case directly involving the liability of a municipal officer engaged in governmental functions, as distinguished from cases against the municipalities. However, it did have a case involving the constitutionality of the statute we have above cited, involving the requirement of indemnity by Chicago to an officer who suffers a judgment of liability because of his negligence in the performance of his duties as a policeman. Gaca v. City of Chicago, 411 Ill. 146, 103 N.E.2d 617.

The case involved an attack on the constitutionality of the statute as having no reasonable basis for the classification which limited it to the one city. The law was sustained, with a dissenting opinion which referred to precedents for holding the municipality not liable for the negligence of police officers, and cited cases to this effect; "The policeman, however, has been individually liable for his tort, notwithstanding he commits it while engaged in the performance of a governmental function."

This statement does not agree with the statement in the Berwyn case, that a judgment against the officer was erroneous because he "was actively engaged in the performance of a governmental function." While it appears in the dissenting opinion, it is evident the other justices were also of the opinion that Illinois is not different from other jurisdictions on this rule of liability. Beginning on page 151, the court makes reference to the indemnity "for injuries to person and property arising from the negligence of drivers of police vehicles." In fact, the principal objection in the dissent was to the comments on traffic cases.

53

■ ■ Whatever may have been the law twenty years ago, the statutes now in force require drivers of emergency vehicles, on emergency runs, to have due regard for the safety of other persons on the highway, and these provisions and other statutes above cited, indicate a current legislative policy in accord with the general rule in the several states, that a municipal officer may be held liable for negligence in the course of his duties, even though the municipality is exempted from such liability because it is a governmental function. And since the latest expression of the Supreme Court indicates at least a tacit acceptance of that rule of law, it is here concluded that the trial judge properly entered judgment on the verdict in this case, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON, J., concurs.