**Elaine Sundin, Plaintiff-Appellant, v. Clyde J. Hughes, Defendant-Appellee.**

Gen. No. 52,428.

First District.

March 14, 1969.

John D. Hayes and John B. Cashion, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Stuart Sikevitz, Assistant Corporation Counsel, of counsel), for appellee.

EBERSPACHER, J.

This is an appeal from an order granting defendant's motion to dismiss plaintiff's complaint, in a personal injury action.

The complaint alleged that plaintiff was a pedestrian in the exercise of ordinary care, standing upon a public sidewalk near an intersection in the City of Chicago when plaintiff was struck by the body of one Eiermann, which had been struck by a motor vehicle operated by Larry Benford and that the vehicle of Benford was being pursued by a vehicle operated by defendant Hughes. Neither Eiermann nor Benford were parties to the action, and although the status of defendant Hughes is neither alleged in the complaint nor in the motion to dismiss, the parties in this Court treat defendant Hughes as a police officer who was acting in the performance of his duties as such and using a police vehicle. Such status was obviously made known to the trial court where defendant Hughes was represented by the Corporation Counsel of the City of Chicago, who on defendant's behalf defends this appeal.

The complaint alleged that plaintiff's injuries were proximately caused or contributed to by one or more of the following wrongful acts of defendant Hughes:

(a) Carelessly and negligently operated his motor vehicle so that as a direct and proximate result thereof the plaintiff was injured;

(b) Carelessly and negligently operated his motor vehicle at a high and dangerous rate of speed in pursuit of another automobile, although the defendant knew, or in the exercise of ordinary care ought to have known, that such action on his part was likely to result in injury to bystanders, including the plaintiff and said Albert Eiermann;

(c) Carelessly and negligently failed to take appropriate and available steps to warn bystanders, including the plaintiff and said Albert Eiermann, of the approach of the vehicles operated by himself and said Larry Benford;

(d) Carelessly and negligently operated his motor vehicle in pursuit of another vehicle without sounding siren, so as to warn bystanders, including the plaintiff and said Albert Eiermann, of the approach of his vehicle and that of said Larry Benford.

The complaint makes no reference to any statute or breach thereof on the part of Hughes.

The motion to dismiss asserted (1) that the complaint did not state a cause of action against defendant, (2) that in attempting to show causal connection between the activities of defendant and plaintiff's injuries facts are set up to be remote, problematical and conjectural, and (3) that the complaint is otherwise obscure, vague, indefinite, uncertain and replete with conclusion.

Plaintiff relies upon the authority of Kita v. Young Men's Christian Ass'n of Metropolitan Chicago, 47 Ill App2d 409, 198 NE2d 174, to support her contention that a cause of action was stated. In that case the defendant admitted that it owed a duty of reasonable care to the plaintiff, but contended the facts alleged were not sufficient to show a breach of that duty. Here defendant raises an issue regarding the sufficiency of the allegations of duty owed and proximate cause.

198

■ Defendant's motion admitted the truth only of facts well pleaded, but not conclusions by the pleader. Kurtzon v. Kurtzon, 395 Ill 73, 69 NE2d 341. Here defendant contends the complaint fails to allege a duty on the part of defendant to protect the plaintiff from the injury of which she complains, and a failure of the defendant to perform that duty owed to plaintiff.

■ We agree with plaintiff's contention that defendant Hughes has no immunity from suit simply because he was acting in the performance of his duties as a police officer. To support this contention plaintiff cites Moore v. Cooke, 22 Ill App2d 48, 159 NE2d 496 (1959), in which it was specifically held that where a police officer of a city was engaged in a governmental function while pursuing a traffic violator in a police automobile, such fact nevertheless does not operate to render the police officer immune from liability for personal injury and property damage sustained by a motorist whose automobile the police officer negligently collided with. In Moore v. Cooke, supra, the undisputed facts indicated a reckless disregard for the safety of others amounting to a wilful and wanton misconduct, although it is indicated that only ordinary negligence was pled, and that in the opinion of the Court ordinary negligence would support the verdict; Moore v. Cooke, supra, was so interpreted by the same Court in Creamer v. Rude, 37 Ill App2d 148, 185 NE2d 345 (1962), a case dealing with the responsibility of a State employee while driving a State maintenance truck clearing snow and spreading cinders, when the Court said, "We have held that a policeman in pursuit of a traffic violator is liable for injury caused by ordinary negligence." In Moore v. Cooke, supra, the Court felt that the legislative attitude had been expressed by amendments to the statutes dealing with indemnification of policemen by the City of Chicago, excluding indemnification in cases of wilful and wanton misconduct.

A police car is an "authorized emergency vehicle" within the definition of our Statute.[1] From the complaint and theories argued in this Court, being in pursuit of a fleeing suspect (Benford), Hughes was "responding to an emergency call." Since the complaint alleges that Hughes failed to sound a siren or give warning the statutory speed limits would apply by the provisions of section 53 of the above referred to Act,[2] which provides in part:

> "The speed limits established by this article or by regulation or ordinance made pursuant to provisions of this article do not apply to an authorized emergency vehicle in motion when responding to an emergency call and when the driver thereof sounds an audible signal by bell, siren, or exhaust whistle, as may be reasonably necessary . . . . However, this provision does not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street, nor does it protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others."

The first clause of the last sentence imposes upon the alleged speeding officer the duty to drive with due regard for the safety of all persons using the street. The second clause of that sentence imposes an additional duty to not drive with reckless disregard of the safety of others. The first speaks in the terms of ordinary negligence and the second speaks in the terms of wilful and wanton misconduct. In the present complaint a breach of only the first duty is alleged, and we are unable to say that a breach of both duties must be alleged and proved to sustain a recovery for plaintiff, even though the duty to drive with due regard would be embraced in the duty

[1] Section 2(d) "An Act in relation to the regulation of traffic." C 95½, § 99(d), Ill Rev Stats 1959.

[2] C 95½, § 150, Ill Rev Stats 1959.

to not drive with reckless disregard. Since the circumstances and situation in which defendant allegedly drove at high and dangerous speed in pursuit without sounding a siren are not reflected by the record, we are unable to say whether the alleged conduct of defendant was with reckless disregard of the safety of others, nor does the record present such facts as would relieve defendant from the duty to drive with due regard for the safety of all persons using the street. The degree of care or regard which is due and owing at any one time depends upon the circumstances and the relationship between the parties involved, but we do not accept defendant's contention that under section 53 due care means only refraining from acting with a reckless disregard for the safety of others.

■■ Defendant contends that under Good v. Chicago Park Dist., 17 Ill App2d 412, 150 NE2d 217 (Abst Opinion), defendant could not be held responsible for negligent conduct, and is only liable if proven guilty of wilful and wanton misconduct which plaintiff has failed to plead. Wilful and wanton misconduct and reckless disregard of the safety of others can be proven under an allegation of negligence or lack of due regard for the safety of others. In the Good case there was evidence that the officers were in fresh pursuit, flashing a red light on top of the car and operating a siren. This record does not disclose that defendant was in fresh pursuit of a suspected criminal and the complaint alleges a failure to give any warning including sounding a siren. In Good the jury was instructed in the language of the last sentence of section 53. The Court held the instruction to be a proper statement of the law. See IPI, Civil, 71.02, where such instruction now appears. We do not agree with defendant's interpretation of the opinion in Good, and hold that under the statute in question plaintiff is required to allege lack of due regard for the safety of all persons using the street, or negligence and not wilful and wanton misconduct, nor reckless disregard for the safety of

others. We are not here concerned with the effect of the Local Governmental and Governmental Employees Tort Immunity Act,[3] enacted in 1965 for the reason that the occurrence antedated its enactment.

Defendant urges that speed exemption statutes similar to our section 53, supra, have been interpreted as requiring a warning only where the parties will be in conflict for the use of the same roadway or right of way unless the private citizen yields the right of way to the emergency vehicle.[4] Defendant also points out that section 115(b) of our Act (c 95½, Ill Rev Stats 1959) provided that the driver of an emergency vehicle shall give the warning when necessary to warn pedestrians and other drivers of the approach thereof, contending that he had no duty to warn of the approach of the pursued car.[5] We do not construe the duty to give warning when necessary as being owed only to vehicular traffic required to yield the right of way or only to pedestrian traffic in the street proper. Even pedestrians on the sidewalk would be entitled to the benefit of a warning and opportunity to reach a position of safety under the factual situation presented by this record. We are not here presented with circumstances or a factual situation from which it could

[3] C 85, Ill Rev Stats 1965. Section 2–202 of that Act provides: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

[4] Citing McEwen Funeral Service v. Charlotte City Coach Lines, 248 NC 146, 102 SE2d 816 (1958), Balthaser v. Pacific Elec. Ry. Co., 187 Cal 302, 202 P 37 (1921), and Lucus v. City of Los Angeles, 10 Cal2d 476, 75 P2d 599 (1938).

[5] In Pagels v. City and County of San Francisco, 135 Cal App2d 152, 286 P2d 877 (1955), that Court in interpreting section 671 (Cal Stats 1935, c 27, par 223) of the California Vehicle Code, which is almost identical to our section 115(b), stated at p 879 of their opinion: "Plaintiffs in effect would have us add to this section 'and of the pursued car.' Had this been the intention of the Legislature it would have added those words, or, at least, would have made the presence of a siren compulsory."

be determined that the giving of warning to plaintiff was not necessary. The purpose of the warning statute is obviously to warn anyone in the immediate vicinity that a danger was present, and alert them in order that they might take steps to preserve their own safety. As to whether the circumstances were such as to excuse defendant from such due care cannot be determined from these pleadings.

 Defendant contends the complaint fails to allege facts from which it could be found that defendant's conduct was the proximate cause of plaintiff's injuries. Pointing out that it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act, Neering v. Illinois Cent. Railroad, 383 Ill 366, 50 NE2d 497, describes what constitutes proximate cause, and also points out that the intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such forces was itself probable or foreseeable. Citing Phillabaum v. Lake Erie & Western Railroad, 315 Ill 131, 145 NE 806, the Court pointed out that what is the proximate cause of an injury is ordinarily a question of fact to be determined by a jury from a consideration of all the evidence. An officer who finds it necessary to pursue a suspect in order to apprehend him could be chargeable with knowledge that it was probable that the suspect would act in a negligent or even illegal manner to accomplish his escape. The complaint alleges sufficient facts to raise the issue of whether defendant's alleged conduct was the proximate cause of plaintiff's injuries.

We therefore reverse the judgment of the Circuit Court and remand this cause for further proceedings consistent herewith.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.