KATHLEEN ARNOLD, as Mother and Next Friend of Christine Arnold, Plaintiff-Appellant, v. THE VILLAGE OF CHICAGO RIDGE *et al.*, Defendants-Appellees.

First District (4th Division) No. 1—87—1437

Opinion filed February 2, 1989.—Rehearing denied April 28, 1989.

Spina, McGuire & Okal, of Elmwood Park (Timothy H. Okal, of counsel), for appellant.

Kiesler & Berman, of Chicago (John R. Garofalo and David J. Kiesler, of counsel), for appellee Village of Chicago Ridge.

Judge & Knight, Ltd., of Park Ridge (Jay S. Judge, Steven P. Polick, and Janella L. Barbrow, of counsel), for appellee Village of Worth.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Kathleen Arnold, as mother and next friend of Christine Arnold, appeals from the orders of the circuit court of Cook County that dismissed her first and second amended complaints brought against defendants, the Villages of Chicago Ridge and Worth, for injuries sustained by Christine, her daughter, during a police vehicular pursuit. The Village of Alsip was also named as a defendant in plaintiff's complaints but was voluntarily dismissed. Plaintiff also appeals from an order granting defendants' summary judgment motions.

On appeal, plaintiff contends the following: (1) the filing of an amended count IV as part of a third amended complaint did not constitute an abandonment of counts I through III, previously stricken in

her first and second amended complaints; (2) a breach of a special duty need not be pleaded or proved for injuries arising out of the operation of a police vehicle in violation of section 11—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—205); and (3) the trial court erred in granting defendants' summary judgment motions, as she had established at least a question of fact as to the identity of the vehicle which struck Christine and of those involved in the pursuit of the suspected law violator.

We reverse.

The record discloses that on August 26, 1982, at approximately 5 p.m., Christine, while riding her bicycle, was struck by a vehicle during a "police chase" through a residential area in the Village of Chicago Ridge. The action began when Chicago Ridge police officer Thomas White observed a vehicle that failed to come to a complete stop at a stop sign. Edward McDade, the driver of the vehicle in question, attempted to evade the police by driving at an accelerated speed through the residential area. At some point in time, police assistance from the Villages of Worth and Alsip was requested.

On August 16, 1983, plaintiff filed a six-count complaint against defendants and the Village of Alsip. The suit alleged that defendants, by and through their police personnel, negligently pursued the vehicle driven by McDade. This negligent conduct allowed the McDade vehicle to collide with Christine's bicycle, which caused her injuries. Defendants and Alsip moved to strike and dismiss plaintiff's complaint for failure to state a cause of action. These motions were based on their theory that plaintiff failed to allege the existence of a special duty, a necessary predicate, upon which to base liability against municipal defendants. Defendants also argued that plaintiff's complaint was defective in that negligent and willful and wanton allegations could not be commingled and that there was no proximate cause upon which to base liability. Defendants' motions were granted, and plaintiff, with leave of court, filed a first amended complaint in three counts that, in substance, contained all of the allegations in the original complaint.

Plaintiff's first amended complaint was dismissed for failure to allege the existence of a special duty. Subsequently, plaintiff filed a second amended complaint in four counts. Substantively, the allegations in counts I through III remained the same. Count IV alleged that the defendants' police departments were operating in concert in the pursuit of McDade.

The second amended complaint was dismissed for failure to plead or prove a special duty owed to Christine in counts I through III. The

court granted plaintiff leave to amend count IV to plead that Officer White's vehicle collided with the bicycle being ridden by Christine.

Plaintiff then filed a third amended complaint in four counts. Counts I through III of the third amended complaint referred to the previously stricken counts I through III of the first and second amended complaints without amending these counts. Count IV was amended to allege, "in the alternative," liability on the part of defendant Chicago Ridge arising out of a direct collision between police officer White and Christine.

Defendants subsequently filed summary judgment motions. Alsip was voluntarily dismissed during the pendency of these proceedings. The Village of Chicago Ridge asserted that it was not liable, since its vehicle "never struck or otherwise came in contact" with Christine. The Village of Worth asserted that it was not liable, since it "merely assisted after the collision occurred and did not participate in the vehicular pursuit." Plaintiff's response to each of these motions was supported by affidavits, depositions, and defendants' police department records.

The trial court granted defendants' summary judgment motions. The evidence was found to be "overwhelming" that Christine was struck by McDade's vehicle. Upon rehearing, the trial court sustained the summary judgment against plaintiff on the grounds that the evidence was "absolutely overwhelming that [Christine] was not struck by Officer White."

■ On appeal, we first address plaintiff's contention that the filing of the amended count IV did not constitute waiver or abandonment of counts I through III which were previously stricken. Defendants correctly state the rule of law that where an amended pleading is filed, which is complete in itself and does not adopt prior pleadings, the earlier pleadings cease to be a part of the record and may in effect be considered abandoned or withdrawn. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 272.) However, *Bowman*, and its progeny of cases cited by defendants, may be distinguished from plaintiff's case. In each of these cases the prior pleadings were held to be waived because the substance, theory, or format of the original complaint had been abandoned.

■ In plaintiff's case, however, the third amended complaint is in four counts with reference to the three counts stricken in her prior amended complaints. Plaintiff's reference to these counts manifests an intent to rely on these very same claims in her third amended complaint. There has been no manifested intent to abandon these stricken claims. (*Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App.

3d 991, 994.) The only count amended in her third amended complaint is count IV.

■ Further, defendants' argument that the principles of abandonment and waiver should be applied simply because of plaintiff's failure to appeal the order striking counts I through III is without merit. The order did not contain an express finding that there was no just reason for plaintiff to delay appeal. (107 Ill. 2d R. 304(a).) Therefore, the order striking these counts was not a final and appealable order. *Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1102-03; 107 Ill. 2d R. 304(a).

■ The record does not reflect that plaintiff sought to amend the stricken counts. Plaintiff's third amended complaint, in substance, merely amends count IV. In *Willis,* the appellate court held that the filing of additional pleadings alleging a new and distinct theory of law, albeit being labeled as an amended count, did not constitute abandonment of the original counts which plaintiff sought to appeal. (*Willis,* 101 Ill. App. 3d at 1102.) The plaintiff in *Willis* challenged the trial court's dismissal of two of the counts in the original complaint. The defendant contended that the plaintiff had waived his right to a review of the dismissal order when he elected to file various amended complaints based upon different theories of the law rather than appealing the dismissal order. The court found that the count which plaintiff sought to amend was essentially an additional count. *Willis,* 101 Ill. App. 3d at 1102.

Similarly, in the instant case, the allegations in the amended count IV are, in effect, an additional count or pleading in the alternative. It is well settled that in Illinois a plaintiff may make alternative factual allegations. (*Dursch v. Fair* (1965), 61 Ill. App. 2d 273, 283; Ill. Rev. Stat. 1985, ch. 110, par. 2—613(b).) Therefore, plaintiff's amended count IV did not constitute waiver and abandonment of the previously stricken counts I through III.

Next, we address plaintiff's contention that a breach of a special duty need not be pleaded or proved for injuries arising out of the operation of a police vehicle in violation of section 11—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—205) (hereinafter the Code). This section exempts drivers of emergency vehicles of municipal or public service corporations from speed limits and other rules of the road unless that driver is driving recklessly without due regard to the safety of all persons. Plaintiff alleges that defendants breached their duty of care under section 11—205 of the Code by driving with willful and wanton disregard for the safety of others which resulted in Christine's injuries.

■ The general rule that municipalities are not liable for failure to exercise general police powers, under certain circumstances, is subject to the special duty exception. The requirements of the exception, whereby the police owe a special duty to an individual rather than to the public at large, are as follows: (1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or willful in nature; and (4) the injury must occur while plaintiff is under the direct and immediate control of employees or agents of the municipality. (*Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 507.) Defendants argue that they are exempt from liability under section 11—205 of the Code, as the general rule would apply to this section, and that liability may only be found if the plaintiff pleads and proves that a special duty is owed to her.

■ We are not convinced that a special duty to a particular plaintiff under this statutory section must be shown. In *Breck v. Cortez* (1986), 141 Ill. App. 3d 351, the court recognized, as it has in the past, a duty of care on the part of the police for the safety of the public when engaged in a vehicular pursuit. (*Breck,* 141 Ill. App. 3d at 359.) *Breck* involved, *inter alia,* the applicability of section 11—205 of the Code where police exceeded the speed limit in pursuit of a suspected traffic violator. A collision occurred that resulted in the death of the driver of another vehicle not involved in the pursuit. The plaintiff did not plead nor did the court require a showing of a special duty in order for liability to arise under the statute. The cases that the *Breck* court cites in support of the proposition, that a duty of care is owed to the public by police in vehicular pursuit, did not require a showing of a special duty. See *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1; *Sundin v. Hughes* (1969), 107 Ill. App. 2d 195.

The cases that defendants cite are readily distinguishable from *Breck* and the instant case in that police pursuit within the context of section 11—205 was simply not involved. To require a showing of a special duty under this section would virtually render this section meaningless where parties, as here, are injured in police pursuit situations. The fourth requirement—that defendant municipality exercise control over the plaintiff—would be practically impossible to meet. It is rare that a situation would arise where a defendant municipality would exercise control over a party in these circumstances.

Defendants express concern about public policy being undermined by interpreting this section so as not to require a special duty. Specifically, their concern is that it would discourage municipalities in their

vehicular pursuit of suspected violators of the law. We believe that the intent of the statute is not to discourage the aggressive pursuit of the suspected violator, but to ensure the safety of the general public by imposing liability on the driver of an emergency vehicle who drives with reckless disregard for the safety of others. We do not believe that the additional requirement of showing a special duty would deter reckless drivers of emergency vehicles. We, therefore, find that the duty of care was not a special duty but one owed to the public at large while in pursuit of a suspected law violator. The trial court erred in dismissing plaintiff's first and second complaints for failure to state a cause of action based on a special duty.

Finally, we address plaintiff's last contention that the trial court erred in granting defendants' summary judgment motions. Plaintiff argues that questions of fact had been established as to the identity of the vehicle which struck Christine and of those involved in the pursuit.

■■ ■ Summary judgment is granted when the pleadings, affidavits and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. (*Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Evidence in support of the motion must be strictly construed against the moving party. (*Meakens v. City of Chicago* (1980), 86 Ill. App. 3d 60, 62.) The right to summary judgment must be clear beyond question and an order granting summary judgment must be reversed if a reviewing court determines that a question of material fact does exist. *Laco v. City of Chicago* (1987), 154 Ill. App. 3d 498, 502.

■ The gravamen of plaintiff's third amended complaint is that defendants acted willfully and wantonly in violation of section 11—205 of the Code when police officers engaged in a high speed chase which resulted in Officer White's vehicle colliding with Christine. Plaintiff's previous complaints alleged that Christine sustained injuries when McDade's vehicle struck her daughter. Christine was unable to testify as to the identity of the vehicle that struck her due to injuries sustained as a result of the collision. Both defendants filed summary judgment motions. We will first address the arguments made in the summary judgment motion filed by defendant Chicago Ridge.

The Village of Chicago Ridge maintains that there was no liability, since its vehicle never struck or came into contact with Christine. This was supported by the deposition testimony of Officer White and by the affidavit of Lyle Schaal, also a Chicago Ridge police officer, who purportedly saw the McDade vehicle strike Christine.

We believe that plaintiff adequately raises a question of material fact by submitting evidence that refutes the position of Chicago Ridge. McDade, by his deposition testimony and by affidavit, denied striking Christine with his vehicle. Although McDade, in his deposition, testified that he did not see which vehicle struck Christine, a question is still raised as to the possibility that it may have been Officer White's vehicle that struck the minor child.

 Defendants also question the credibility of McDade's statements. At his criminal trial, prior to these proceedings, McDade had pleaded guilty to a charge of reckless conduct arising from this incident. It appears from the record that he had also pleaded guilty to striking Christine with his vehicle. That plea, however, is not dispositive of the issues in this civil matter. It is subject to explanation of the circumstances under which the plea was made and then such explanation is to be presented to the jury for consideration with all other evidence. (*Cogdill v. Durham* (1976), 43 Ill. App. 3d 940, 942.) We, therefore, reverse the trial court, which sustained Chicago Ridge's motion for summary judgment.

Defendant Village of Worth maintained, in its summary judgment motion, that it was not guilty of willful and wanton conduct in the operation of its police vehicles. Defendant argued that its only involvement consisted of traffic control and assistance in post-accident investigation. Defendant contends that it was not involved in the pursuit prior to impact. We believe, however, that plaintiff raises a genuine question of fact with respect to this defendant's involvement. The Village of Worth's police department service record states that it assisted Chicago Ridge with the "chase" in this incident.

A review of the record of the proceedings shows that the trial court never specifically addressed Worth's involvement even though a question is raised as to the identity of the vehicles involved.

For the foregoing reasons, the orders of the circuit court are reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McMORROW, J., concurs.

PRESIDING JUSTICE JIGANTI, specially concurring in part and dissenting in part:

The second amended complaint, count I, charged the Village of Chicago Ridge with willful and wanton conduct in the police chase of

Edward McDade and in count II charged the Village of Worth with willful and wanton conduct in the police chase of Edward McDade. Count III related to the Village of Alsip and was voluntarily dismissed. Count IV charged the Villages of Chicago Ridge and Worth with willful and wanton conduct because they acted in concert in attempting to apprehend Edward McDade and that Officer White of the Village of Worth struck Christine Arnold. Each of the defendants filed motions to dismiss counts I and II pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) An order was entered dismissing counts I and II against the Villages of Chicago Ridge and Worth. The order further struck count IV and granted the plaintiff 28 days to file a third amended complaint as to count IV only. A third amended complaint was filed and in count I stated that "Plaintiff makes no further allegations as to Count I in that said Count was previously dismissed by Order of Court." A similar statement was made as to count II concerning the Village of Worth. Count IV of this complaint alleged that the villages acted in concert again and also alleged that the police officer from the Village of Chicago Ridge struck the plaintiff. Each of the villages filed a motion for summary judgment with regard to count IV. The motions were allowed.

The plaintiff filed a notice of appeal contending that it wished to appeal from the dismissal of the first two counts of the complaint and also from the summary judgment on count IV of the complaint. The villages contend that the dismissals of counts I and II are not appealable. I agree with the majority's conclusion that they are appealable. Consequently, before this court are the dismissals of counts I and II on the pleadings and the summary judgment entered in favor of the villages on count IV.

The Village of Chicago Ridge makes no argument concerning the sufficiency of the complaint against it in count I. However, the Village of Worth contends that under count II, the complaint fails to state a claim because the Village of Worth did not have a duty as a matter of law. This contention would be equally applicable to Chicago Ridge. The argument of the village is premised on a proposition of law which states that municipalities in Illinois generally are not liable for failure to provide police protection. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 243 N.E.2d 214; *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183.) The Village of Worth contends that the complaint charges the Village of Worth with failure to provide police protection and under *Huey* there is no liability. There is an exception to that general rule whereby a municipality may be liable

for a failure to provide police protection where they have assumed a special duty to the plaintiff. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 243 N.E.2d 214; *Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 467 N.E.2d 1153.) The village further contends that sufficient facts are not alleged to establish that there was a special duty on the part of the Village of Worth.

The plaintiff contends, and I agree, that she need not plead a special duty because the proposition espoused by the village is not applicable. The plaintiff maintains that another proposition of law is controlling, that is, that police officers have a duty to exercise ordinary care in carrying out their responsibilities. (*Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 243 N.E.2d 214; *Andrews v. City of Chicago* (1967), 37 Ill. 2d 309, 226 N.E.2d 597.) At the time of the occurrence the officers in the instant case were carrying out their responsibilities.

Case law supports the plaintiff's position. In *Sundin v. Hughes* (1969), 107 Ill. App. 2d 195, 246 N.E.2d 100, a Chicago police officer was pursuing a vehicle operated by Larry Benford. The Benford vehicle struck a pedestrian named Eiermann whose body in turn struck the plaintiff Sundin. The complaint charged Officer Hughes with negligence. The defendant contended that the complaint failed to allege a duty. The appellate court found that a duty had been sufficiently alleged. In *Moore v. Cook* (1959), 22 Ill. App. 2d 48, 159 N.E.2d 496, a police officer engaged in a chase struck the plaintiff's automobile. In affirming the recovery of a judgment by the plaintiff, the court explained that a police officer is answerable to private persons resulting from the negligent performance of the officer's ministerial duties. In *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423, the defendant municipality through its police department set up a roadblock to intercept a car driven by Lundeen. The plaintiff's decedent approached the roadblock and was directed by the police to park on the shoulder of the road. The decedent was not informed of the purpose of the roadblock. The Lundeen car collided head on with the decedent's vehicle, causing his death. The appellate court stated that case law holds that the police officer acting "in the performance of his duties in circumstances similar to those seen in this case owes a duty to exercise ordinary care for the safety of others in carrying out his responsibilities." (*Brooks*, 49 Ill. App. 3d at 6, 364 N.E.2d at 427.) The complaint in the instant case charges the villages with violating the duty owed in the performance of their duties. It does not charge that they failed to provide police protection. The dismissals of counts I and II should be reversed.

Both the Village of Worth and the Village of Chicago Ridge filed

motions for summary judgment as to count IV. The motions must be considered separately. The Village of Worth alleges that they had no involvement in the pursuit of McDade prior to the impact with the plaintiff. The motion for summary judgment should be allowed. The evidence that the Village of Worth participated in the chase emanates from a service-record card which is made any time an officer calls in any particular incident. The card was made out by a dispatcher and indicated that four police units assisted Chicago Ridge on the chase. The four officers whose names were listed on the card as being involved in the chase testified that they arrived after the impact and assisted in traffic supervision. There is no contrary evidence. I do not believe it is possible from these facts to draw the inference that the Village of Worth breached any duty to the plaintiff. *Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 35, 468 N.E.2d 422, 425-26.

The Village of Chicago Ridge in its motion for summary judgment on count IV argues that its vehicle driven by Officer White did not strike the plaintiff and absent striking the plaintiff the situation is the same as in count II, which was dismissed, and therefore summary judgment should be allowed. Even if we were to accept the argument of Chicago Ridge that Officer White did not strike the plaintiff, we have previously ruled in this opinion that the Village of Chicago Ridge does owe a duty to the plaintiff. Consequently, this motion for summary judgment should be denied.