PRICHARD TOWER ERECTIONS, INC., Plaintiff, v. GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellant (Communication Services Corporation, Plaintiff-Appellee; Dewey American Insurance Company *et al.*, Defendants).

First District (3rd Division) No. 1—88—2232

Opinion filed June 19, 1991.

Marthe C. Purmal, of Chicago, for appellant.

Rooks, Pitts & Poust, of Chicago (Terrence M. Burns and Karen E. Wilson, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Great American Insurance Company (Great American), appeals from an order of the circuit court of Cook County which granted plaintiff Communication Services Corporation's (CSC's), motion for summary judgment on count I of its five-count complaint for declaratory judgment and denied Great American's motion for summary judgment on counts I and II of CSC's complaint. We affirm in part; reverse in part and remand.

Prichard Tower Erections, Inc. (Prichard), is an Iowa corporation. CSC is a South Dakota construction company. In July 1982, Prichard was the general contractor engaged in the erection, repair, alteration and construction of a microwave relay tower in Downers Grove, Illinois. CSC subcontracted with Prichard to perform work on the construction project. On July 23, 1982, CSC learned that it needed Illinois worker's compensation insurance coverage for the Illinois work site employees.

CSC contacted P.G. MacFarlane at the Grandy-Pratt Insurance Company in Iowa and requested insurance coverage for employees at the Illinois jobsite. When MacFarlane was unable to obtain insurance coverage for CSC, he contacted Joseph Dennis at the Dewey Insurance Agency in Illinois and requested an application for worker's compensation insurance through the Illinois Assigned Risk Plan (the plan). The plan provides for the assignment of an insurance carrier to an employer who has been previously rejected by other insurance carriers. Dennis

provided MacFarlane with the application for insurance. The application was completed and signed by CSC on July 26, 1982. CSC mailed the completed application to Dennis.

In section one of the application CSC indicated that it requested insurance coverage as of 12:01 a.m., July 26, 1982. The application form had a provision by which the agent or broker could request immediate binding insurance coverage. However, Dennis did not invoke that provision of the application. Dennis sent CSC's completed application to the Illinois Council on Compensation Insurance (the Insurance Council) on July 29, 1982. CSC's employees testified at deposition that they believed that there was an insurance policy in effect within a day or two after their initial request to Mr. MacFarlane on July 23, 1982.

On August 2, 1982, the Insurance Council sent a letter of assignment to CSC and Great American. The letter provided in pertinent part:

"The assigned carrier will furnish you with a premium proposal indicating the estimated annual premium within ten days of the above assignment date. Within five days of receipt of the premium proposal you shall send TO THE CARRIER a certified check or money order COVERING THE ESTIMATED PREMIUM. Within ten days of receipt of that check the carrier must issue a policy or binder which shall commence at 12:01 a.m. the day following receipt of the check and terminates twelve months thereafter."

CSC alleged in its complaint that on August 2, 1982, MacFarlane assured CSC that it was provided with worker's compensation insurance coverage by Great American effective August 2, 1982, pursuant to the assignment letter.

On August 19, 1982, an accident involving a CSC employee occurred at the Illinois work site. When CSC notified the Grandy-Pratt Insurance Agency of the accident on that date, it was informed that Great American had failed to furnish the premium proposal. Thereafter, the injured worker filed worker's compensation claims in addition to a Structural Work Act lawsuit against Prichard and a third-party lawsuit against CSC. On August 20, 1982, Great American sent its premium proposal to CSC. On August 25, CSC mailed a certified check for the premium payment to Great American. Great American accepted the check and issued a worker's compensation insurance policy for CSC to cover the period of August 31, 1982, to August 31, 1983.

CSC requested and Great American denied insurance coverage for the August 19, 1982, accident. Thereafter, CSC and Prichard filed the present declaratory judgment action. Count I of CSC's complaint for declaratory judgment alleged, *inter alia*, that Great American was negli-

gent in failing to provide a premium proposal within 10 days of its assignment as the carrier by the Insurance Council. CSC and Prichard further alleged that as a result, Great American was obligated to provide insurance coverage for the August 19, 1982, accident. Count II of CSC's complaint alleged that Great American was obligated to provide coverage to CSC due to the acts and omissions of Dennis and the Dewey Insurance Agency as agents for Great American. Counts III through V of the complaint remain in the trial court and are not at issue in the present case.

CSC filed a motion for summary judgment on count I of its complaint. Great American filed a motion for summary judgment as to both counts I and II of the complaint. Following a hearing on the motions, the trial court granted CSC's motion for summary judgment on count I and denied Great American's motions for summary judgment on counts I and II of the complaint. The trial court also granted Great American's motion to dismiss Prichard as a plaintiff with prejudice. The trial court stayed enforcement of its order pending appeal. This appeal followed.

On appeal, Great American first contends that the trial court erred in granting CSC's motion for summary judgment on count I of its complaint. We agree.

■■ Summary judgment is appropriate if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Inryco, Inc. v. Multuloc Corp.* (1990), 202 Ill. App. 3d 367, 370, 559 N.E.2d 1000, 1002-03.) Evidence in support of the motion must be strictly construed against the moving party and summary judgment should be denied where reasonable persons could arrive at different conclusions. (*Petkus v. Girzadas* (1988), 177 Ill. App. 3d 323, 327, 532 N.E.2d 333, 336.) An order granting summary judgment must be reversed if a reviewing court determines that an issue of material fact exists. *Arnold v. Village of Chicago Ridge* (1989), 181 Ill. App. 3d 778, 785, 537 N.E.2d 823, 827.

Great American contends that summary judgment for CSC on count I of its complaint was inappropriate because its negligence in failing to mail the premium proposal in a timely manner was not the proximate cause of Prichard's failure to have worker's compensation insurance coverage when its employee was injured on August 19, 1982.

■ In a negligence action, the burden is on the plaintiff to establish the existence of a duty of reasonable care owed to him by the defendant, a breach of that duty, *i.e.*, a negligent act or omission, and an injury proximately resulting therefrom. (*Murphy v. Chestnut Mountain Lodge,*

*Inc.* (1984), 124 Ill. App. 3d 508, 512, 464 N.E.2d 818, 821.) Proximate cause can only be established when there is a reasonable certainty that the defendant's acts caused the injury. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85, 508 N.E.2d 1201, 1207.) The issue of proximate cause is one for the trier of fact. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 393, 493 N.E.2d 1022, 1028.) However, where it is apparent from the facts that only one conclusion can be drawn, the question then becomes one for the court to resolve as a matter of law. *Lindenmier*, 156 Ill. App. 3d at 90.

■ In the present case, CSC alleged and the trial court found that because Great American failed to send out the insurance premium proposal in a timely manner, it was estopped from denying coverage and putting at issue the time it would have taken for the proposal to be delivered and returned by CSC via the mail. However, Great American contends that while it concedes that its failure to send out the proposal in a timely manner was negligent, a material issue of fact remains as to whether or not its negligence proximately caused CSC's injury. A review of the record reveals that the Illinois insurance agent, Dennis of Dewey Insurance Agency, failed to invoke the application procedures for obtaining immediate binding insurance coverage. In addition, the Insurance Council's letter of assignment to Great American and CSC specifically provided that the assigned insurance carrier would issue a policy or binder "which shall commence at 12:01 a.m. the day following receipt of the [premium] check."

Under these circumstances, a genuine issue of material fact remained as to whether or not Great American's acts proximately caused CSC's injury. We therefore conclude that the trial court erred in determining as a matter of law that Great American's acts proximately caused CSC's injury since more than one conclusion could be drawn from the facts. Where reasonable persons could draw different inferences from the facts, a triable issue remains. Since the trial court could not have reached a decision without determining whether or not Great American rather than CSC or one of the insurance agents' acts or omissions was the proximate cause of CSC's failure to have insurance on August 19, 1982, summary judgment for either CSC or Great American on count I of the complaint was inappropriate.

Great American further contends that its motion for summary judgment on count II of the complaint should have been granted because there were no material issues of fact on the subject of whether or not Dennis of Dewey Insurance Agency was the agent of Great American. We disagree.

██ Unless the parties' relationship is so clear as to be undisputed, the existence and scope of an agency relationship are questions of fact to be decided by the trier of fact. *Matthews Roofing Co. v. Community Bank & Trust Co.* (1990), 194 Ill. App. 3d 200, 206, 550 N.E.2d 1189, 1193; *Mateyka v. Schroeder* (1987), 152 Ill. App. 3d 854, 862, 504 N.E.2d 1289, 1294.

Here, CSC alleged in count II of its complaint that Dennis of Dewey Insurance Agency received a commission from Great American and was authorized to solicit insurance business on behalf of Great American. Great American, in its motion for summary judgment, alleged that the Insurance Council handbook specifically informed insurance agents that they were not agents of the servicing insurance carrier. Great American further alleged that Dennis testified at his deposition that he did not have an agency agreement with Great American. Based on these disputed factual allegations, it is clear that the existence and scope of the agency relationship in this case was a question of fact for the trier of fact. We therefore conclude that because a material issue of fact remained as to the existence of an agency relationship between Dennis of Dewey Insurance Agency and Great American, the trial court did not err in denying Great American's motion for summary judgment on count II of the complaint.

Accordingly, for all of the foregoing reasons, we affirm the order of the circuit court which denied Great American's motions for summary judgment on counts I and II of the complaint, reverse that portion of the order which granted CSC's motion for summary judgment on count I of its complaint and remand this matter for trial.

Affirmed in part; reversed in part and remanded for trial.

WHITE and GREIMAN,* JJ., concur.

---

*Justice Freeman participated in this appeal, but has since been elected to the Illinois Supreme Court. Justice Greiman was substituted as the third member of the panel and has read the briefs and listened to the oral argument tapes.