CINDY L. WATERS, Plaintiff-Appellant, v. INTERNATIONAL HARVESTER COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—92—0875

Opinion filed April 16, 1993.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Richard L. Rumsey and Scott H. Rudin, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Sandra K. Macauley, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Cindy L. Waters filed a two-count complaint in negligence and strict liability against defendants International Harvester, Fontaine Trucking Equipment, and Navistar International Corporation. The trial court entered summary judgment in favor of the defendants and plaintiff appealed.

Plaintiff was employed as a truck driver for Leaseway Leasing, Inc. On September 13, 1984, during the course of her employment, she was injured while attempting to disengage an allegedly defective fifth wheel from her tractor truck. (The fifth wheel was manufactured by the Fontaine Trucking Equipment Company while the tractor truck was manufactured by Navistar International Corporation.) Plaintiff subsequently filed a two-count complaint (in strict liability and in negligence) against defendants Fontaine Trucking Equipment, International Harvester, and Leaseway Leasing.

In her complaint plaintiff alleged that she had been driving the truck at issue since June of 1984. She further alleged that she had complained in her daily vehicle intake reports that the fifth wheel on her tractor, which she identified by serial number 216872, was unreasonably dangerous. In subsequent deposition testimony, answers to in-

terrogatories, and affidavits, plaintiff claimed that this identification number was incorrect and that the correct number was actually 214872. She recalled this number because she had written it every day on her reports. (Even though these reports were required by law, Leaseway was unable to find any of them as requested in discovery.) Additionally, plaintiff had taken pictures of the truck at issue. (The probative value of the pictures is weakened by the fact that they were taken almost a year after the accident occurred.)

Defendants filed a motion for summary judgment supported by affidavits and business records confirming their contention that the tractor at issue (serial number 214872 and vehicle identification number (VIN No.) 1HSZAL7NXEHA62967) was not delivered to Leaseway until September 18, 1984, and not placed in service until September 20, 1984, a week after plaintiff's accident. The specific documentation was as follows:

1. The warranty agreement between International Harvester and Leaseway showing that the truck bearing VIN No. 1HSZAL7NXEHA62967 was delivered to Leaseway on September 18, 1984, with an odometer reading of 80 miles.

2. The certificate of title showing that Leaseway truck bearing VIN No. 1HSZAL7NXEHA62967 was purchased by Leaseway on September 20, 1984.

3. Maintenance inspection records showing that Leaseway truck No. 214872, VIN No. 1HSZAL7NXEHA62967, was placed in service on September 20, 1984. The service date was defined as the first date that the vehicle would be leased to a leasing customer and go out on the street.

4. An asset purchase document showing that Leaseway truck No. 214872, VIN No. 1HSZAL7NXEHA62967, was not placed in service until October 1, 1984. (For tax depreciation purposes, the date of service on this document was the first day of the first full month that the truck was actually in service.)

The trial judge granted the motion for summary judgment, finding that the evidence presented by the defendants firmly established that the tractor at issue was not possessed by Leaseway until after the date of the alleged injuries, and that plaintiff's allegations to the contrary were not sufficient to raise a genuine issue of material fact.

■ In her appeal, plaintiff notes that the rules governing summary judgment are well established. Summary judgment should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In ruling on a motion for summary judgment, the court must construe the pleadings, depositions and exhibits on file strictly against the movant and liberally in favor of the nonmovant. In the case at bar, the trial judge ruled for the movants, having determined that there was no genuine issue of material fact, as the tractor's nonexistence at Leaseway was conclusively established by the aforementioned business records and supporting affidavits, notwithstanding plaintiff's deposition testimony to the contrary.

Plaintiff argues that the business records themselves, which show conflicting in-service dates for the truck at issue (September 20, 1984, and October 1, 1984), as well as deposition testimony that mistakes in the records occur about 5% of the time, raise some doubt as to whether she has misidentified the truck which injured her. Defendants explain that the conflicting dates are really bookkeeping matters and suggest that the September 20 date was the date for maintenance inspection (and the first date that the vehicle would go out on the street), while the October 1 date was the in-service date for tax depreciation purposes, as it was the first day of the first full month that the vehicle was acually in use. (We note that even the earlier date is a week before plaintiff's accident.)

Plaintiff additionally maintains that her deposition testimony based on her recollection of the truck's serial number is sufficient to raise a genuine issue of material fact and defeat defendants' motion for summary judgment. Defendants disagree. Although both sides cite a variety of case law to support their respective arguments, none involves the same factual situation as the case at bar, that is documentary evidence balanced against sworn testimony. Plaintiff first cites *Arnold v. Village of Chicago Ridge* (1989), 181 Ill. App. 3d 778, 537 N.E.2d 823. While this case involves the appellate court's reversal of a grant of summary judgment, factually it balances conflicting eyewitness testimony. The cases of *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449, and *Gillespie v. R.D. Werner Co.* (1978), 71 Ill. 2d 318, 375 N.E.2d 1294, are also of no assistance to plaintiff as they do not involve an identity of the product issue, but rather focus on whether the products at issue could have caused the claimed injuries. In this regard plaintiff also unsuccessfully relies on *Neubauer v. Coca Cola Bottling Co.* (1968), 96 Ill. App. 2d 18, 238 N.E.2d 437.

Case law cited by defendants to support their position (that if plaintiff cannot identify the product at issue, summary judgment is appropriate) is also not instructive, as such cases involve the identity

of a specific manufacturer, rather than the identity of a product. (Here, the identity of Fontaine Trucking Equipment as the manufacturer of the fifth wheel is not at issue.) (See *Smith v. Eli Lilly & Co.* (1990), 137 Ill. 2d 222, 560 N.E.2d 234 (summary judgment improper because plaintiff was unable to identify the manufacturer of DES drug that she ingested); *Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 541 N.E.2d 1055 (plaintiff was unable to show that the asbestos which caused his injury was manufactured by the defendant); *Sutton v. Washington Rubber Parts & Supply Co.* (1988), 176 Ill. App. 3d 85, 530 N.E.2d 1055 (summary judgment was properly entered because plaintiff only offered the possibility that the allegedly defective light bulb which caused his injuries was manufactured by Westinghouse).) Defendant also relies on *State Bank v. Young* (1986), 149 Ill. App. 3d 460, 500 N.E.2d 732, in which the appellate court reversed a finding for plaintiff and against defendant bank because there was a direct conflict in the parties' testimony and the weight of the documentary evidence was in favor of the bank. What defendants neglect to note, however, is that this decision was made after a full trial on the merits.

■ Since summary judgment is such a drastic measure, it is not appropriate unless the rights of the moving party are free and clear from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) In the instant action, the case law and the facts are not unequivocally persuasive as to the moving parties' rights. We therefore reverse the trial court's grant of summary judgment to defendants and remand for a trial on the merits.

Reversed and remanded.

MURRAY and COUSINS, JJ., concur.